GILBERTSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 10—May 12, 1931.*

For the plaintiff in error there were briefs by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

*Harold E. Stafford* of Chippewa Falls, for the defendant in error.

WICKHEM, J. It is contended by the plaintiff in error, and conceded by the defendant in error, that the reports and notes of investigations made by the state fire marshal or deputy state fire marshals are secret and not open to public inspection. *State ex rel. Spencer v. Freedy,* 198 Wis. 388, 223 N. W. 861. In that case it was said:

"The manifest purpose of the law is to apprehend and punish those who may be guilty of the crime of arson and to discourage the burning of property for the purpose of recovering the insurance thereon. If the testimony of all persons taken in investigations conducted by the state fire marshal or his deputies for the purpose of discovering the origin of fires were to be made a matter of public record, the attainment of the purposes of the law would be greatly embarrassed. We should hardly expect the legislature to write into a law a provision which would so frustrate the attainment of the purposes of the law. . . . The policy thus declared is certainly inconsistent with the idea that testimony so given may be inspected by any one accused of the crime of arson as the result of such investigation."

This being the statutory purpose, it follows as a necessary conclusion that the book used by plaintiff in error was privileged and that he could not be compelled to produce it upon a subpœna *duces tecum,* in a civil action upon a policy of fire insurance. The statutory policy is directed not to

the assistance of parties litigant but to the prevention and punishment of the crime of arson.

Defendant in error contends that, assuming all this to be true, plaintiff in error waived the privilege by testifying from the notes contained in the book, and subjected himself to the well-established rule that where a witness testifies by the use of written memoranda, which is claimed to refresh his recollection, opposing counsel is entitled to possession of the writing for the purposes of cross-examination. The waiver is claimed to result for two reasons: first, that the witness cannot voluntarily testify without subjecting himself to the ordinary rules of cross-examination, and second, that having in his direct testimony made disclosures contained in his memoranda, whatever secrecy he was entitled to preserve no longer existed, and all reasons for withholding possession of the memoranda disappeared.

It is our conclusion that these contentions are not valid. The witness made no insistence upon using the book to refresh his recollection, but simply responded to a request by defendant's counsel that he do so. He declined at the very outset of the direct examination to deliver the book to plaintiff's counsel. It was at no time suggested to him by court or counsel that his use of the book in direct examination would affect his right to withhold it from opposing counsel upon the cross-examination. Hence it cannot be said that there is any evidence of an intention on the part of the plaintiff in error to waive the privilege.

But aside from this it is clear to us that the privilege was not subject to waiver by plaintiff in error. The privilege was not his, nor was the desirability of keeping secret such notes as are here involved a matter for his determination. It was the right of the State in the public interest to keep such investigations secret. The legislative intent to preserve this secrecy is clear. The discretion to keep secret or to disclose such matters as may form the result

of the fire marshal's investigations or those of his deputies is vested in the state fire marshal and not in the court or in the deputies. See *Bradley v. McIntosh,* 5 Ont. Rep. 227. In the absence of waiver by the state fire marshal, the court should not merely refrain from compelling a disclosure by the deputy; it should decline to permit a disclosure. In all such situations as are here presented a choice must be made between policies, each independently desirable, where the enforcement of one will inevitably interfere with or wholly prevent the enforcement of the other. The desirability of keeping secret such investigations as were made by the plaintiff in error here has been established by legislative mandate. The importance of producing relevant evidence in aid of the ascertainment of the truth in litigated matters cannot be questioned. One of these policies must yield in a situation like this, and it is our conclusion that the right of the State to preserve the secret is superior to that of the litigant to compel its disclosure. The fact that the litigant is thereby handicapped is an unfortunate but unavoidable consequence. Not only are courts presented with the necessity of making such a choice, but with an extremely delicate question concerning the relation between the courts and other branches of the government. The plaintiff in error was a subordinate acting under the orders of his superior officer, the state fire marshal, in whom, as we hold, is vested discretion with respect to disclosures. Every effort within reason should be made to avoid placing such a subordinate in an embarrassing or difficult position, not only because this leads to strained relations between the courts and other departments, but because it tends to interfere with the discharge of his duties by the subordinate.

The further contention is made by the defendant in error that the matter contained in the book had already been disclosed and consequently had lost its character as a secret. This contention is not sound in fact. The demand made

was for· the "book" and the "notes," and the record sufficiently discloses that· the book included notations other than those involved in the direct examination. If the demand and order had been sufficiently limited to protect the balance of the notations from disclosure, it is possible that a different question would have been presented.

This disposes of the substantial questions involved in this appeal. We recognize of course that the treatment of such a situation is one presenting practical difficulties. Inasmuch as it is our view that it is the duty of the court to prevent a subordinate in the state fire marshal's department from disclosing privileged evidence without a waiver from the state fire marshal, it follows that the duty of the trial court can only be discharged by ascertaining, on its own motion, upon a preliminary inquiry, the scope of the deputy fire marshal's authority to disclose. If his authority to disclose is so limited by the state fire marshal as to restrict or cut off the right of cross-examination by the party against whom his evidence is offered, then that party may object to the admission of such evidence as the deputy is permitted to give. Applied to the present situation, it was the right of the plaintiff to insist that the deputy be not permitted to refresh his recollection by the use of notes, unless these notes, or such portions of them as were so used, were by consent of his superior to be made available for use on cross-examination.

It follows from what has been said that the plaintiff in error was not in contempt for declining to produce the notes from which he had testified.

In the judgment for contempt it is stated that the witness "sneeringly refused" to produce the notes, and it is contended by defendant in error that in all events his conduct was contumacious and justifies the conclusion of the court that he was guilty of contempt. If it appeared that the judgment was based upon the contemptuous attitude of the

plaintiff in error, we would have no hesitation in sustaining it. It is plain, however, both from the judgment of contempt and from the record, that the judgment was grounded upon the refusal to produce the notes and not upon the manner of refusal.

For the foregoing reasons the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to discharge the plaintiff in error.