## Commonwealth v. Glad

Lewis S. Kunkel, assistant district attorney, and Carl B. Shelley, district attorney, for Commonwealth.

Thomas R. Wickersham, for defendant.

Fox, J., December 17, 1940.—In this motion for a new trial there are four reasons assigned for the same.

After consideration of the testimony we see nothing in any of them, except no. 2, that would warrant the granting of the motion. No. 2 reads as follows:

"2. That the court erred in not requiring the Commonwealth's witness, State Policeman C. E. Waltermyer, to produce his records for examination by counsel for the defendant, inasmuch as the witness had admittedly used such records to refresh his recollection just prior to testifying for the Commonwealth."

In the cross-examination the Commonwealth's witness Waltermyer testified that he refreshed his recollection from the report he had made to his superior officer. He had previously made a memorandum of evidence that he had gathered as a policeman and used that in making up his report to his superior officer and before trial refreshed his recollection from the report. Counsel for defendant, Glad, requested him to show the report so that he might test the credibility of the witness. The assistant district attorney objected to the report, it not being in court, and the court sustained the objection and granted an exception for the defendant.

In Wigmore on Evidence, sec. 762, it is said:

"Writing must be shown to the opponent, on demand, for inspection and cross-examination; memoranda used before trial. On a general principle (post, sec. 1861), that has in view the risk of imposition and false aids, against which the opponent is entitled to the means of protection, the writing must be shown to him on request. Furthermore, as by this opportunity of inspection the opponent is guarded against imposition clearly apparent, so by cross-examination based on the paper he may further detect circumstances not appearing on the surface, and may expose all that detracts from the weight of testimony. . . .

"The rule should apply, moreover, to a memorandum consulted for refreshment before trial and not brought by the witness into court; for, though there is no objection to a memory being thus stimulated, yet the risk of im-

position and the need of safeguard is just as great. It is simple and feasible enough for the Court to require that the paper be sent for and exhibited before the end of the trial."

In the case of State v. Deslovers, 100 Atl. 64, 69, it is said:

"The mere fact that the witness did not have the record immediately before him when he gave his testimony upon the stand does not seem to us to be material in view of the further fact that he had a very short time previously refreshed his recollection by its examination; such examination being made in contemplation of the evidence which he was about to give. Under such conditions he must be said to have obtained substantially the same assistance from the record which he would have obtained from its perusal during his examination."

See also People v. Vann, 129 Cal. 118, 61 Pac. 776; White v. Allen, 3 Ore. 103, 110; Hamilton v. Rice, 15 Texas 382, 386.

In the case of Capodilupo v. Stock & Sons, 237 Mass. 550, 130 N. E. 65, it is said:

". . . a witness may be compelled to submit to inspection any writing or thing which he has used to refresh his recollection, in order to enable the opposite party to see it and by cross-examination raise the question whether it is a proper memorandum for the purpose. This use and examination does not make the writing or thing evidence for either party, nor authorize it to be submitted to the jury, unless for the purpose of testing the memory which has been refreshed by it."

See also People v. Cassidy, 283 Ill. 398, 119 N. E. 279; Taylor v. United States, 19 F. (2d) 813; Gilbertson v. State, 205 Wis. 168, 236 N. W. 539.

The great weight of authority is that counsel for defendant has the right to see, upon request, memoranda or reports that a witness for the Commonwealth has previously made and says he has refreshed his memory from, during or before trial.

Wherefore, we are of opinion that a new trial should be awarded.

And now, December 17, 1940, upon due consideration, a new trial is hereby awarded.