STATE, Respondent, vs. MUELLER, Appellant.

*May 13—June 20, 1932.*

For the appellant there was a brief by *Sigman & Sigman* of Appleton, and oral argument by *Samuel Sigman*.

For the respondent there was a brief by the *Attorney General, Stanley A. Staidl,* district attorney of Outagamie county, and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Staidl* and *Mr. Messerschmidt.*

FAIRCHILD, J.   The primary question raised by this appeal relates to the right to comment on matters of public interest and general concern.   The statute under which the prosecution is brought reads:

"Section 348.41. *Criminal slander.* . . . (2) Every person who, in the presence and hearing of another, other than the person slandered, . . . shall maliciously speak of or concerning any person, any false or defamatory words or language which shall injure or impair the reputation of such person . . . or which shall expose him to hatred, contempt, or ridicule shall be guilty of a misdemeanor. . . . *Every slander herein mentioned shall be deemed malicious if no justification therefor be shown, and shall be justified when the language charged as slanderous, false, or defamatory was true and was spoken with good motives and for justifiable ends.*"

The words spoken by the appellant as charged in the information were: "Where is these two dollars that William Melz gave to Mr. Caliebe?"   "I can swear in front of any court that I saw William Melz give Mr. Caliebe two dollars

and it is not accounted for in the town report." The appellant's plea was "Not guilty" although admitting the use of the words. He urged that the words were spoken by him in good faith in the belief that they were true. So it is established that appellant did use in the town meeting of the town of Center the words charged in the information.

The events leading up to the discussion in which the appellant asked the question and made the comment are as follows: In 1930, after examining the town clerk's written report, appellant called the attention of the town chairman to the fact that there was no mention of two dollars which appellant believed should be in the town clerk's report. At this time the town chairman, Mr. Frank Schroeder, and the appellant checked over the report, found there was no mention of the two dollars which appellant said he had seen William Melz hand to Mr. Caliebe. Mr. Schroeder in the presence of the appellant then said to the town clerk: "If you got the money put it down." To which Mr. Caliebe replied: "I am not sure whether I got the money. Rather than start any trouble I will put it down." The written report in evidence shows that he did write in the item referred to. The entry reads: "William Melz back tax $2."

It appears that after this conversation and the entry of the item Mr. Melz said to Mr. Caliebe that he, Melz, had not included in any amount paid by him two dollars for back taxes. Without further explanation the town clerk eliminated the item and when he read his report at that (1930) town meeting made no mention of it. At the town meeting a year later the clerk again failed to mention this item of two dollars. It was at this time that the appellant asked the question, "Where is these two dollars that William Melz gave to Mr. Caliebe?" This question was followed by some discussion, after which the appellant used the following words: "I can swear in front of any court

that I saw William Melz give Mr. Caliebe two dollars and it is not accounted for in the town report."

Of course before there can be any criminal offense under the above quoted section words must be used which amount to slander. A citizen has full freedom of speech on matters of public interest whether they seem important or not, if he acts fairly, with honest purpose, free from malice. The words are to be taken according to their natural and popular import and in the sense in which any reasonable hearer of them would apply them in the light of explanatory circumstances known to speaker and hearer.

This is a criminal case, and we are concerned with the conduct and utterance of the appellant at the town meeting of the town of which he was a citizen and in whose affairs he was interested. Under the evidence the question of his guilt must be determined by a finding as to the existence of a lawful justification for and an absence of malice in his using the words set forth in the information. Although the burdens and responsibilities of government in the final analysis rest upon the citizen, all too many persons, for fear of giving offense to one or another individual or group, refrain from taking an effective part in public affairs. To avoid annoyance to themselves they fail to challenge acts of which they do not approve and frequently remain silent when, by speaking, they and they alone could correct errors. This tendency to withhold oneself in this respect will always be one of the weaknesses of a representative system of government. It is not the policy of the law to encourage unjust and unwarranted attacks upon public officials; neither is it the policy of the law to discourage open and fair discussion of public affairs. The critic is given freedom of speech upon these matters under the limitation of acting from an honest purpose and free from malice. Having carefully examined into the matter he may honestly and

fearlessly state his findings and give his opinion of the work of a public official.

"It is sometimes said that fair and honest criticism in matters of public concern is 'privileged.' This is not true in a strict sense. The distinction between fair and reasonable comment and criticism and privileged communications is this: That in the latter case the words may be defamatory, but the defamation is excused or justified by reason of the occasion; while in the former case the words are not defamation of the plaintiff, and hence not libelous—the stricture or criticism is not upon the person himself but upon his work. So long, therefore, as the criticism is confined to his work and does not attack the moral character or professional integrity of the individual, and is fair and reasonable, there is no libel because there is no defamation of the man himself. But when the comment or criticism of the man's work becomes an attack on his private or business character, then the element of malice comes in and stamps the language as libelous." Newell, Libel & Slander (4th ed.) § 480; *Grell v. Hoard,* 206 Wis. 187, 239 N. W. 428.

Sec. 348.41, Stats., rather definitely points out the purposes and uses of a "justification" in a criminal case such as this. "Every slander herein mentioned shall be deemed malicious if no justification therefor be shown." The learned trial judge was of the opinion that the words used were slanderous *per se;* that it was unnecessary to prove malice and unnecessary to give any instruction to the jury with respect to malice as an element of the crime. This error may have been caused by overlooking the distinction between the meaning of the word "justification" as used in the first clause of the closing sentence of sec. 348.41 (2) and of the word "justified" as used in the last clause thereof. "Justification" is not as final and definite a term as "justified." "Justification" as here used carries the idea of and is synonymous with reasonable excuse. The section sets forth a rule of evidence which, when applied to the

condition of the proof, may show the existence or absence of a jury issue on the question of malice. Justification for the use of the words may exist without establishing their truth, if they were used upon a lawful occasion upon probable cause and from good motives. The evil to be prevented is malicious speaking of false or defamatory words concerning a person and thereby injuring or impairing his reputation or exposing him to hatred, contempt, or ridicule. Under this rule, where slanderous words are admitted or proven to have been used they are deemed malicious and a *prima facie* case has been made, but when justification for speaking is urged and evidence is offered showing or tending to show that the facts existed as described; that they were spoken with good motives and for justifiable ends, then the State can no longer rely on the presumption of malice but must show that the words were spoken maliciously or the prosecution fails. *Malone v. State,* 192 Wis. 379, 212 N. W. 879. The evidence shows that the preceding year the appellant and Caliebe were candidates for the same office, although no exhibition of feeling is shown at this time to overcome the evidence of good faith on the part of appellant or sufficient to establish maliciousness in his utterance.

We must hold upon the record in this case that a reasonable excuse or "justification" for appellant's question and comment existed, and therefore, if no malice is shown, that the appellant is entitled to be discharged. The appellant had been active in the affairs of the town for many years. All personally interested in this controversy understood the purpose of the town meeting. It is the place to settle the public affairs of the town. The complainant testified: "I admit the town meeting is a place where public questions should be brought up. Mr. Mueller was not a candidate against me at this time. . . . I received a check from William Melz

dated June 24, 1929. The board of equalization met on June 24, 1929." There is no dispute but that there was at the time of the meeting June 24, 1929, some discussion by the town officers with Melz concerning his taxes and some talk of an adjustment of matters in difference concerning assessments on Melz's property.

The record when appellant's motion to dismiss this action and for discharge of appellant was addressed to the court, showed the appellant was firmly of the belief that the matter of Melz's back taxes had been adjusted and that two dollars was due to the town; that this amount was included in the amount then paid by Melz, or was separately paid to the town clerk. This impression was gained from conversations appellant had overheard and taken part in. It is not seriously in dispute that these impressions had a reasonable basis in the facts shown and were reinforced by admissions of the town clerk to the appellant in the presence of the town chairman; admissions at least to the extent of the town clerk's saying he might have forgotten the payment of the two dollars and by his writing into his report the very item now in dispute. Where justification is established and where the words of the accused were spoken in a proper field of discussion under circumstances which called upon him as a citizen to give to the town meeting the benefit of the information acquired by him, there is no showing of malice and criminal slander is not established. The town clerk's elimination of the particular item from his report, his failure to speak of it, not only provoked question and comment by appellant but warranted it. Appellant's motion for his discharge at the close of the evidence should have been granted.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the case and discharge the appellant.