## Commonwealth *v.* Stewart, Appellant.

*Criminal law—Suspension of sentence—Promise of district attorney.*

The court of quarter sessions cannot be deprived of its right to sentence a prisoner charged with bribery, to fine and imprisonment on a plea of nolo contendere, by a promise of the district attorney not concurred in by the court, to suspend sentence if the prisoner would enter such a plea and reveal all he knew about the crime.

Argued Nov. 14, 1910. Appeal, No. 23, April T., 1911, by defendants, from order of Q. S. Allegheny Co., March Sessions, 1910, No. 430, refusing to suspend sentence in case of Commonwealth v. Charles Stewart, Hugh Ferguson and William Brand. Before Rice, P. J., Henderson, Morrison, Orlady, Head, Beaver and Porter, JJ. Affirmed.

Petition to suspend sentence. Before Frazer, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was order of the court refusing to suspend sentence.

*W. A. Stone,* of *Stone & Stone,* for appellants.

*Warren I. Seymour,* with him *W. A. Blakeley,* for appellee.

Opinion by Rice, P. J., December 12, 1910:

The indictment against the appellant and others contained six counts, and, speaking generally, charged conspiracy to cheat and defraud the city of Pittsburg, and to secure the passage of an ordinance providing for the selection of six banks as depositories of city moneys by bribery of themselves and other members of council; and averred as overt acts the acceptance of bribes from said

banks. On April 4, 1910, the defendant pleaded nolo contendere, and when called for sentence at a later date presented to the court a petition, concluding, with the prayer that an order be entered by the court suspending sentence in the case or postponing the same indefinitely. This petition averred that on March 21, 1910, the defendant read in a newspaper a report of proceedings that had taken place in court in connection with a petition which the district attorney had presented, in the course of which proceedings, according to the newspaper report, the district attorney said in his oral address to the court: "I feel that any of those councilmen who have received money, if they come to me or to this court and tell the truth, should be shown some consideration. I therefore make this promise publicly, that if any of those who are involved, come to me and tell the truth, that I will later come into this court and ask for a suspension of sentence in their cases. As far as I can see, there is no other way of ending it." If this had been the only averment relative to what took place in court, it would be clearly immaterial as being merely an averment that certain things appeared in the newspaper that the defendant read. But it was immediately followed by another averment that this statement of the district attorney was made in court; also, that thereupon several councilmen were indicted and pleaded nolo contendere, and that sentences upon them were suspended by the court. There was also an averment as to what was said by the judge presiding on the occasion above referred to, but as those remarks plainly pertained to the propriety of allowing the petition then presented, and neither directly nor indirectly held out a promise to suspend sentence in any case, they need not be recited here. It was further alleged in the petition that at a later date the defendant read a newspaper report of certain remarks said to have been made by the president judge, sitting as a committing magistrate, at the hearing of the case of one Richard Armstrong, and thereupon consulted his counsel as to what he had better do;

that his counsel deferred advising him until after he should confer with the district attorney; that his counsel conferred with the district attorney, who assured counsel that the same immunity would be extended to the defendant as to others; that thereupon his counsel advised the defendant to plead nolo contendere, and to make a full and true statement to the district attorney of his connection with and knowledge of the passage of the ordinance and the receipt and payment of money by him and others; that, pursuant to this advice, he made a full statement and confession to the district attorney, and, at his request, testified fully before the grand jury, "confessing to his own illegal acts, and testifying to facts against himself, that would incriminate him;" and that subsequent to making his confession and statement to the district attorney he entered a plea of nolo contendere; all of which, the petition averred, he was induced to do by the public action of the court and the district attorney. The latter did not, at that time, file a formal answer to the petition, but enough appears in the bill of exceptions to show that he disputed some of its material allegations, particularly those relating to the remarks made by him, and that in view of his denial, the defendant asked leave of court to amend his petition by adding a request that "an opportunity, by inquiry in such a way as the court may determine, may be given this petitioner to prove what he alleges those remarks were." The court permitted the amendment to be made, but denied the prayer of the original petition and the petition as amended, and thereupon sentenced the defendant.

The appellant's statement of the questions involved, as well as three of the four assignments of error, are based on the assumption that the petition distinctly averred that the court concurred in the promises relative to suspension of sentence alleged to have been made by the district attorney. We have examined the petition with great care, and are constrained to the conclusion that it does not sustain this construction. Assuming for a mo-

ment the absolute truth of the averment, that the district
attorney said in the presence of the court "that if any
of those who are involved come to me and tell the truth,
I will later come into this court and ask for suspension
of sentence in their cases," it is apparent that this fell
far short of a promise of immunity from punishment con-
curred in by the court.   All that the district attorney
was alleged to have promised was to ask for a suspension
of sentence; the court neither by word nor act held out the
promise that suspension of sentence would be granted in
every instance in which the district attorney should ask
for it.   The fact that the court did in many instances
suspend sentence, warranted no person in assuming that
this would be done in his case.   Moreover, the court knew
what it had said and done, and no testimony was neces-
sary to enable it to determine that fact.   So far then as
a request to take testimony related to what the court
said and did, it was properly refused.

But it is urged that the petition alleged other facts
concerning which the court would not necessarily have
knowledge, and that as to these allegations the defendant
ought to have had an opportunity to present testimony.
The allegations particularly referred to are as to the prom-
ises made by the district attorney.   In discussing the
propriety of the refusal to receive testimony as to these
disputed allegations, it is important to notice that the
question before the court was not as to the right of the
commonwealth to use against the defendant the confes-
sion he had made.   If that had been the question, the
defendant would have had a right to examine fully the
witnesses called by the commonwealth to establish the
alleged confession in order to ascertain whether it was
made voluntarily or was made under the inducement of
a promise that would vitiate it as evidence against him.
But as we have said, that was not the question before
the court; the question was whether judgment should
be entered on the plea.   There was no attempt to use the
confession against the defendant at that time, and while

it is stated in the appellant's history of the case that he appeared before the grand jury and testified to incriminating facts against himself before the indictment against him was submitted to the grand jury, this is vigorously denied in the commonwealth's brief. Recurring to the record, by which alone we must be guided, we find that the defendant's petition contained no distinct allegation that his confession had been used to obtain the indictment against him, or that the time when he appeared before the grand jury and testified was prior to the finding of the indictment. It is sufficient to say, with regard to a proposition which assumes either of these facts, that it is without support in the record proper or in the petition which was brought upon the record by the bill of exceptions, and, therefore, need not be further discussed. Another very important point to be noticed is that the defendant's application was not to withdraw his plea and to plead not guilty, but to have sentence suspended or postponed indefinitely. Indeed, it was made plainly apparent by his petition that he desired not to withdraw his plea but to permit it to stand, and be, with a suspension of sentence, an insuperable bar to the trial of the case before a jury. If the promises of the district attorney, alleged in the petition, would entitle him to take that position—in other words, if they would furnish a conclusive legal bar to a sentence upon the indictment—then we agree with the appellant's counsel that he ought to have been permitted to prove them. But if they would not, then no error was committed in denying the petition. As already pointed out, the remarks of the district attorney, alleged to have been made in court, did not hold out an unqualified promise of immunity to anyone, and it is questionable whether the statement alleged to have been made to the defendant's counsel amounted to more than an assurance that the general promise, alleged to have been made in court, held good as to the defendant and would be carried out in his case. Granting, however, for the sake of the argument only, that it may be con-

strued as an express and unqualified stipulation for immunity, the objection arises that the court was not legally bound to enforce it by an indefinite suspension of sentence. The duty of the district attorney to conduct criminal prosecutions embraces whatever is properly necessary to bring the accused to trial. His powers, in the conduct of the case, are very extensive, but in Pennsylvania they do not include the power to enter a nolle prosequi upon an indictment without the consent, in writing, of the court; a fortiori they do not include the power to control, or stay for all time, the judgment of the court upon a verdict of guilty, or a plea of guilty or of nolo contendere. We do not deem it necessary to elaborate further upon this proposition.

It follows that, even if the petition of the district attorney and the stenographic report of what was said at the time sentence was imposed (both of which were filed after the appeal was taken and perfected), be disregarded, as we think they must be, and if a review of the case must be confined to a consideration of what appears in the record proper, and what was brought upon the record by the bill of exceptions, no error was committed in denying the petition and sentencing the defendant.

The judgment is affirmed, and the record is remitted to the court of quarter sessions of Allegheny county with directions that the judgment be fully carried into effect, and to that end it is ordered that the appellant forthwith appear in that court, and that he be by that court committed to serve and comply with such part of his sentence as had not been performed at the time this appeal was made a supersedeas.