## Commonwealth v. McQuiston

*Harold W. Spencer* and *Margaret W. Corson*, for petitioner.

*Alexander Knight*, assistant district attorney, contra.

CORSON, J., January 14, 1946.—After the filing of the petition and the grant of the rule, counsel for defendant discovered that the injury which they wished to show by the X-ray was to defendant's left hand instead of his right hand as set forth in the petition. At the argument upon the rule, before the court en banc, counsel therefore withdrew that part of their petition seeking to have the X-ray picture taken.

The remaining question under the petition is whether or not defendant has the right to compel the district attorney to turn over to defendant, for his inspection, evidence which the district attorney may intend to

present at defendant's trial. In this case that evidence happens to be a statement made by defendant to the district attorney and apparently signed by defendant. Counsel for defendant has found no statute and has referred to no case which would authorize this court to direct the district attorney to turn over any evidence against defendant which he may have in his hands.

"The duty of the district attorney to conduct criminal prosecutions embraces whatever is properly necessary to bring the accused to trial": Commonwealth v. Stewart, 44 Pa. Superior Ct. 620, 625 (1910).

In carrying out that duty the district attorney in the present case took a voluntary statement from defendant. Certainly he was not only within his rights but merely performing his duty in so doing. Since there seems to be no statute covering the case the question would seem to be ruled by the common law.

In Wigmore on Evidence, vol. 6, sec. 1859 g, it is stated in regard to criminal cases, that: "At common law, no right of inspection of documents before trial was conceded to the accused"; . . .

In 2 Wharton's Criminal Evidence 1311, 1312, it is stated that: "The general rule is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution." (Citing, inter alia: People v. Glaze, 139 Cal. 154 (1903) ; State v. Rhoads, 81 Ohio St. 397 (1910). The rule was further stated at page 1354 of the same volume of Wharton as follows:

". . . in criminal cases, it is very evident that the accused cannot compel the prosecution to produce documents which he himself has made. Thus, he is not entitled to have incriminating letters, written by him, produced for his inspection; nor to have produced a statement made and signed by him even on the ground that such statement is material to his defense." Citing State v. Fitzgerald, 130 Mo. 407 (1895) ; St. Clair v. State, 104 Tex. Crim. Rep. 423, 284 S. W. 571 (1926).

Upon these authorities we must enter the following decree:

And now, January 14, 1946, defendant's petition is dismissed and the rule granted thereon discharged.