## Commonwealth v. Smith

*Carl B. Shelley*, district attorney, for Commonwealth.

*Solomon Hurwitz*, for defendant.

SMITH, J., March 14, 1949.—On the petition of defendant, Sylvester Smith, this court on February 28, 1949, granted a rule on the District Attorney of Dau-

phin County to show cause, inter alia, why defendant or his counsel should not be permitted to inspect and make copies of certain written statements hereinafter specifically referred to. The district attorney duly filed an answer to the petition. The rule was argued before this court en banc on March 4, 1949, and is now for disposition. There is no dispute as to the relevant facts. They are as follows:

Defendant stands indicted on the charge of murder of one Jacob Ulrich.

Both defendant and his wife, Mary Louise Smith, were taken into custody on the night of the alleged crime at which time the Pennsylvania State police secured written statements from each of them.

Further, two statements alleged by the district attorney to be dying declarations were taken from decedent Jacob Ulrich, one on the evening of November 28, 1948, and the other on the afternoon of November 29, 1948.

An autopsy was performed on the body of the said Jacob Ulrich on November 30, 1948, by Doctor John Kurtz. Thereafter, on December 7, 1948, a coroner's inquest was held at which time the report of the autopsy was presented to the coroner's jury and the testimony and the report of the autopsy were taken down stenographically.

Defendant after a preliminary hearing before a magistrate on December 7, 1948, was held for court. Defendant's counsel attended this hearing and had a stenographic record made of the testimony there presented.

Thereafter, defendant by his counsel made repeated requests of the district attorney for the right to examine: (a) All written statements of Sylvester Smith; (b) all written statements of his wife, Mary Louise Smith; (c) any declarations made by decedent and reduced to writing, alleged as dying declarations;

(d) copy of the notes of testimony taken at the coroner's inquest; (e) copy of the report of the autopsy. Defendant by his counsel likewise requested the right to interview Dr. John Kurtz. Upon the refusal of these requests and to enforce compliance therewith the instant rule on the district attorney to show cause was granted.

In view of the answer filed by the district attorney to the petition for the rule it was conceded by defendant's counsel at the argument that copies of the notes of testimony taken at the coroner's inquest and of the report of the autopsy were theretofore available to him and that he at all times has had the right to interview Dr. John Kurtz.

Therefore, the sole question now before us is whether this court should make an order directing the district attorney to permit defendant or his counsel to inspect and make copies of all written statements of defendant and his wife, and of any declarations made by decedent and reduced to writing, alleged to be dying declarations.

Defendant is here asking this court to direct the district attorney to permit his counsel to inspect and make copies of certain written statements which the Commonwealth may or may not use or offer in evidence at the trial of the accused. Defendant in effect is asking the Commonwealth to turn over to him its evidence although by reason of defendant's constitutional immunity he cannot be compelled by the district attorney to reciprocate in kind. This request is most unusual. The question here presented does not appear to have been decided by the appellate courts of this Commonwealth.

In Commonwealth v. Buccieri, 153 Pa. 535, 547, Mr. Justice Dean, speaking for the Supreme Court, said:

". . . before arraignment, if it be made to appear to the court that any injustice is likely to be done the

prisoner because of vagueness of the indictment, a bill of particulars may be ordered: this, not because the prisoner has a right to demand it, but because the court, after trial, on proof of surprise or injustice in consequence of the absence of specific averment as to weapon and manner of killing, would set aside the verdict and grant a new trial.

". . . If, by a bill of particulars, was meant a specification of the evidence to be adduced by the commonwealth, this the prisoner had no right to ask nor the court any right to direct."

If, in a bill of particulars, this court has no right to direct the Commonwealth to specify the evidence to be adduced by it, does this court have the right or power in the instant proceeding to so direct?

This question was decided adversely to defendant in the case of Commonwealth v. McQuiston, 56 D. & C. 533 (1946), a case arising in Montgomery County. Here defendant sought to compel the district attorney to turn over for inspection evidence in the form of a voluntary statement taken by the district attorney in the performance of his duty from defendant. The court dismissed defendant's petition and discharged the rule granted thereon. In entering this order the court said, page 534:

"Counsel for defendant has found no statute and has referred to no case which would authorize this court to direct the district attorney to turn over any evidence against defendant which he may have in his hands.

" 'The duty of the district attorney to conduct criminal prosecutions embraces whatever is properly necessary to bring the accused to trial': Commonwealth v. Stewart, 44 Pa. Superior Ct. 620, 625 (1910).

"In carrying out that duty the district attorney in the present case took a voluntary statement from defendant. Certainly he was not only within his rights

but merely performing his duty in so doing. Since there seems to be no statute covering the case the question would seem to be ruled by the common law.

"In Wigmore on Evidence, Vol. 6, sec. 1859 g, it is stated in regard to criminal cases, that: 'At common law, no right of inspection of documents before trial was conceded to the accused'; . . .

"In 2 Wharton's Criminal Evidence 1311, 1312, it is stated that: 'The general rule is that the accused has no right to the inspection or disclosure before trial of evidence in the possession of the prosecution.' (Citing, inter alia: People v. Glaze, 139 Cal. 154 (1903); State v. Rhoads, 81 Ohio St. 397 (1910)). The rule was further stated at page 1354 of the same volume of Wharton as follows:

" '. . . in criminal cases, it is very evident that the accused cannot compel the prosecution to produce documents which he himself has made. Thus, he is not entitled to have incriminating letters, written by him, produced for his inspection; nor to have produced a statement made and signed by him even on the ground that such statement is material to his defense.' Citing State v. Fitzgerald, 130 Mo. 407 (1895); St. Clair v. State, 104 Tex. Crim. Rep. 423, 284 S. W. 571 (1926)."

We might add that under the Act of January 28, 1777, 1 Sm. L. 429, sec. 2, 46 PS 152, the English common law became the law of this Commonwealth and that we also have neither found nor been referred to any statute which gives to the accused the right to the inspection or disclosure before trial of documents or evidence in possession of the prosecutor. The McQuiston case, supra, related solely to statements made by defendant to the district attorney. However, the authorities therein cited support the Commonwealth's position here taken that defendant is not entitled to inspect any of the written statements as requested by him.

This general rule with few exceptions is followed in other jurisdictions as appears from an annotation thereon in 52 A. L. R. 207 et seq. On page 209 this annotation citing the decision of the Minnesota Supreme Court in the case of State ex rel. Robertson v. Steele, 117 Minn. 384, 135 N. W. 1128, continues:

"That the prosecution cannot, prior to trial, be compelled to disclose the evidence in its possession against an accused person, has been settled law ever since the case of Rex v. Holland (1792) 4 T. R. 691, 100 Eng. Reprint, 1248. In that case Lord Kenyon, Ch. J., in refusing an application by a defendant for an inspection of the evidence contained in an official record intended to be produced against him on a public prosecution, said that there was no principle or precedent to warrant the granting of the application, and if the court were to grant it the whole system of criminal law would be subverted. In the same case Ashhurst, J., said that a defendant is entitled to no other intimation of the particular charge intended to be brought against him than what appears in the indictment or information, and that it was never conceived to be necessary or fit that he should receive intelligence of the particular evidence by which the charge is to be made out."

Another case citing numerous authorities in support of this general rule is Silliman v. People, 114 Colo. 130, 162 P. (2d) 793, decided by the Supreme Court of Colorado in 1945.

Defendant does not here contend that he is entitled to inspect and make copies of the several written statements as a matter of right. His position is that this court has the power in the exercise of its wise discretion to grant him this privilege and that if it is not granted he will be deprived not only of a reasonable opportunity to prepare his defense but also of his constitutional right to a fair and impartial trial.

In support of this position, defendant in his brief has cited certain cases decided in other jurisdictions. In view of the serious nature of the charges against defendant we have carefully considered all of them. An examination of these decisions discloses that in some the right of inspection is purely statutory, while in others such as State v. Haas et al., 51 A. (2d) 647 (Md.), the exercise of this right was left to the discretion of the trial court subject to review if abused.

However, until there is specific statutory authority to the contrary, this court is of the opinion that the rule enunciated in the McQuiston case, supra, supported by the authorities therein cited, is here controlling. In so holding we cannot see how defendant will be deprived of a fair and impartial trial. Admittedly the Rules of Civil Procedure relating to discovery do not apply to criminal actions. The statement made by defendant to the State police should be a matter peculiarly within his own knowledge. The statement made by defendant's wife to the State police cannot be introduced as a part of the Commonwealth's case in chief. It can only be used to attack her credibility should she be called as a witness for defendant. As to the two alleged dying declarations, the mere fact that they may have been committed to writing does not give defendant the right to inspect the same or to make copies thereof. These declarations are merely evidence which the district attorney may or may not introduce at the trial. And since this evidence could not be secured by defendant on a bill of particulars, we hold that it cannot be secured in this proceeding.

For the reasons as hereinbefore set forth, we must enter the following decree:

And now, March 14, 1949, defendant's petition is dismissed and the rule granted thereon is discharged.