SANTRY, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 29 — November 3, 1886.*

CRIMINAL LAW AND PRACTICE. *(1) Murder: Accused implicated by confession of person previously convicted: Right to have copy of confession. (2) Challenging juror after passing list. (3) Reference in argument to evidence on trial of another person.*

1. A prisoner, after conviction of murder, made a voluntary confession implicating another party in the murder. *Held,* upon the trial of the latter, that the district attorney was under no obligation to furnish the defense with a copy of the confession.
2. The order of challenging jurors is in the discretion of the trial court; and where, upon a trial for murder, the district attorney, before exhausting his peremptory challenges, passed the list once without striking, it was not error to permit him thereafter, before the jury was accepted and sworn, to strike a name which was upon the list when he so passed it.
3. Upon the trial of a person implicated in a murder by the confession of a prisoner previously tried and convicted of the same murder, some of the witnesses had testified on the previous trial, and evidence taken on such trial was used as impeaching testimony. *Held,* that it was not error to permit the district attorney, in summing up, to refer to what had been testified to and found by the jury on the previous trial.

ERROR to the Circuit Court for *Racine* County.

The case is thus stated by Mr. Justice CASSODAY:

"One Louis Christensen, a boy about eighteen years of age, was twice tried for the murder of Michael Schultz, June 17, 1884. Upon the first trial the jury disagreed, and on the second he was convicted. Soon after his imprisonment at Waupun he proposed to make and did make a voluntary confession, implicating the plaintiff in error and others in the murder. Upon being charged and tried for the murder, the plaintiff in error, *John Santry,* was convicted and sentenced to the state's prison. To reverse the judgment entered thereon he sued out this writ of error."

*Edwin White Moore*, for the plaintiff in error. [No brief on file.]

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error. [No brief on file.]

CASSODAY, J. The testimony is voluminous, and presented as it came from the reporter. There is no succinct statement of any portion of the record. There is no printed or written brief pointing out where the alleged errors may be found, nor of authorities in support of the propositions urged upon the oral argument. In view of these facts, we would be justified in affirming the judgment without looking into the record. But this is a criminal case, and so we have carefully considered the several questions suggested at the bar, to the end that no injustice should be done to the prisoner.

1. The principal contention is that the verdict is not supported by the evidence. But the facts are too numerous, and the testimony too circumstantial, as bearing upon the guilt of the prisoner, to justify a disturbance of the verdict on that ground.

2. The district attorney was under no obligation to furnish the defense with a copy of Christensen's confession, and his refusal so to do was not error.

3. After having made seven strikes from the jurymen called, and expressed himself willing to take the jury, the district attorney was allowed, against objection, to strike from the list of jurors the name of a juryman upon the list when he so waived his strike. The district attorney was entitled to twelve peremptory challenges. Sec. 4690, R. S. Did the mere fact that he passed the list once without striking preclude him, before exhausting his challenges, from thereafter striking any upon the list when he so passed? When the challenge was exercised by the state, the jury had not been accepted by both parties and sworn, and

hence the case is distinguishable from *State v. Cameron*,
2 Pin. 496; *S. C.* 2 Chand. 172; and *Lamb v. State*, 36 Wis.
426.    The peremptory challenges were not exhausted, as in
the case of the juryman Fairfield in *Schoeffler v. State*, 3 Wis.
837.    The intimation, in that case, that the juryman Morley
might have been properly so challenged by either party
before such challenges were exhausted, favors the ruling in
this case.    Id. 835.    In the absence of any statutory reg-
ulation or rule of court on the subject, the order of challeng-
ing jurors seems to be within the discretion of the trial
court, which will not be reviewed unless there appears to
have been an abuse of such discretion.    Thomp. & M.
Juries, § 269, subd. 4; and cases there cited; *Comm. v. Piper*,
120 Mass. 185; *Hubotter v. State*, 32 Tex. 479.    There was
no statute or rule of court to prevent the district attorney
in this case from exercising the challenge in question.    The
ruling of the court in allowing such exercise is fully sup-
ported by *Comm. v. Piper, supra; Fountain v. West*, 23
Iowa, 9; *Hubotter v. State, supra; Beauchamp v State*,
6 Blackf. 307; *Hooker v. State*, 4 Ohio, 350.

4. It is said, in effect, that in his summing up to the jury
the district attorney persistently referred to what had
been testified to and found by the jury on the trial of
Christensen.    There is some ground for this criticism.
But the trial judge has some latitude upon such ques-
tions.    He was necessarily familiar with all shades of the
evidence presented.    The two cases related to the same
murder.    The line of defense appears to have been, to some
extent at least, the same.    Some of the witnesses appear to
have been sworn on both trials, and some of them testified
in this case that they had sworn the same as on the other
trial, and others that they had sworn differently.    Some of
the evidence taken upon the other trial appears to have
been used as impeaching testimony on this trial.    Such be-

ing the nature of the evidence, we cannot say that the matters referred to were outside of the record.

*By the Court.*— The judgment of the circuit court is affirmed.