## STATE ex rel. JAMES ROBERTSON v. JOHN H. STEELE.[1]

May 3, 1912.

Nos. 17,720—(251).

**Motion to quash indictment — inspection of testimony.**
> A defendant in a criminal action is not entitled to inspection of testimony furnished the county attorney by the state fire marshal, under the provisions of chapter 203, Laws of 1911, for the purpose of making a motion to quash the indictment.

Writ of certiorari to review an order of the district court for Hennepin county, Steele, J., directing relator, as county attorney, to furnish Michael McGuirk with a copy of evidence. Reversed.

*Lyndon A. Smith,* Attorney General, and *Alexander L. Janes,* Assistant Attorney General, for relator.

*M. C. Brady,* for respondent.

HOLT, J.

By writ of certiorari, relator, the county attorney of Hennepin county, seeks to review and reverse an order made by the district court, directing relator to furnish Michael McGuirk, who is under indictment for arson in said county, with a copy of the evidence of said McGuirk, in the possession of relator, and taken before the fire marshal of the state, under the provisions of chapter 203, p. 527, Laws 1911, or give him an opportunity to examine and make a copy thereof.

The attorney for McGuirk insists that the order is not reviewable on certiorari. In this we think he is in error. The order is not made in the trial of the criminal case against McGuirk, so that it may be said to be an interlocutory order, and, even if it were, no appeal would lie in behalf of relator upon final judgment. The argument is also advanced against considering the order on certiorari that re-

[1] Reported in 135 N. W. 1128.

lator has an adequate remedy in the writ of habeas corpus if the trial court attempts to enforce the order by punishing for contempt. But the propriety of making the order, or the abuse of discretion therein, could not be considered on such writ. State v. Bailey, 106 Minn. 138, 118 N. W. 676, 19 L.R.A.(N.S.) 775, 130 Am. St. 592, 16 An. Cas. 338. If the order could be attacked at all upon habeas corpus, except for lack of jurisdiction and authority to impose the sentence, it would certainly be necessary to resort to certiorari as ancillary thereto.

McGuirk applied to the trial court for the order here attacked by relator, in order to make a motion to quash the indictment for. arson returned against him, on the ground that he was indirectly compelled to give testimony before the grand jury. He claims that he had to submit to an examination under oath before the state fire marshal; that his evidence was reduced to writing, the relator being furnished with a copy thereof; that this evidence and the information gained from him in the examination was presented to the grand jury; and he contends that he is entitled to compel the relator to give him a copy of his testimony before the state fire marshal, so as to enable him to present his motion to quash the indictment.

In so far as the person who may be accused of arson is concerned, the statute referred to (chapter 203, p. 257, Laws 1911) is, to put it mildly, unusual, drastic, and inquisitorial. But it is not proper now to decide whether or not, by compelling a person suspected of arson to submit to an examination, the purpose of the law is defeated, in that such person may not afterwards be indicted and put on trial for the crime. The question presented is: Shall a county attorney, prior to trial, be compelled to disclose the evidence he has against an indicted person?

It must be admitted that under the common law it could not be done. We have no statute which gives a defendant in a criminal case a right to demand a disclosure of the state's evidence, except as it may appear at a preliminary hearing. It is plain that section 4729, R. L. 1905, does not apply to criminal cases, because under that either party who has a document which the adversary shows

117 M.—25.

need of inspecting may, by order of court, be compelled to permit inspection. Sections 5289 and 5290, R. L. 1905, cited by respondent herein, refer merely to a case of presentment, and not to one where an indictment has been found, as appears from the subsequent sections 5292 and 5294. We ought not, because of situations created by this chapter 203, p. 257, Laws 1911, to establish a rule that would go far toward hampering prosecuting officers in criminal trials and make conviction of the guilty exceedingly difficult.

County attorneys, as a rule, are fair-minded, and no doubt do give the accused or his attorney information and permit inspection of documents in proper cases in furtherance of justice; but if the practice be once adopted that an indicted person is entitled to be furnished with some evidence in the possession of the county attorney, where is the line to be drawn? We do not think McGuirk was entitled to the order as a matter of right. King v. Holland, 4 T. R. 691. In the absence of statute the district attorney is not bound to furnish defendant with a copy of confession made by him (Santry v. State, 67 Wis. 65, 30 N. W. 226), nor with a copy of the minutes taken before the grand jury (Howard v. Commonwealth, 118 Ky. 1, 80 S. W. 211, 81 S. W. 704; Cannon v. People, 141 Ill. 270, 30 N. E. 1027; Merrick v. State, 63 Ind. 327).

But, even if it be conceded that it was a discretionary order, we are of opinion that the record does not sustain the court in granting it. McGuirk seeks a copy of his own testimony, given a few days before the application for the order. He does not need a verbatim copy of that testimony to accomplish his disclosed purpose. The substance thereof, or perhaps simply isolated facts testified to before the fire marshal, is sufficient to show whether or not his constitutional rights were violated by the grand jury when he was indicted. State v. Gardner, 88 Minn. 130, 92 N. W. 529. If the state takes issue with defendant on a motion made to quash the indictment, the court is not limited to affidavits, and a subpœna duces tecum will bring any document into court in the possession of the witness served. The state fire marshal is the lawful custodian of the testimony taken by him, and, if anyone is entitled to examine it, applica-

tion should be made to him for permission. Under chapter 203, p. 257, Laws 1911, he is required to furnish the county attorney a copy for use in prosecutions. The information and evidence thus furnished the county attorney is neither for the use of the public nor for the use of a person that may be afterwards indicted for arson in connection with the fire to which the evidence relates. We appreciate that if, at the trial, the defendant desires to take the witness stand, he would like to be fully advised as to exactly what he had testified to or stated in regard to the offense charged on previous occasions, and we apprehend that this is the motive for the application. But if the defendant may compel the county attorney to exhibit to him his own testimony or confession, there would be equally good reason to call on the county attorney to disclose, before the trial, all the evidence that he may have against the defendant. Our conclusion is that the order should not have been made.

Reversed.