STATE EX REL. SPENCER, Appellant, vs. FREEDY, State Fire Marshal, Respondent.

*February 8—March 5, 1929.*

For the appellant there was a brief by *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondent there was a brief by the *Attorney General* and *Suel O. Arnold,* assistant attorney general, and oral argument by *Mr. Arnold.*

OWEN, J.  The petition alleges that on March 7, 1928, the petitioner was the owner of a certain dwelling house which was insured by the American Insurance Company of Newark, New Jersey; that on said 7th day of March, 1928, said property was destroyed by fire; that she is about to commence an action against said insurance company to recover the amount of said insurance thereon; that said state fire marshal caused an investigation to be made of the said fire, and through various employees and detectives has gathered facts, statistics, and circumstances, including the origin of said fire, which are on file in his office, as required by sec. 200.19, Stats.; that said state fire marshal refuses to permit the plaintiff to inspect said statistics, facts, and circumstances so on file in his office; and to compel said state fire marshal to permit such inspection she prays for a peremptory writ of *mandamus.*

Generally speaking, the so-called fire marshal law imposes upon the state fire marshal the duty of collecting statistics regarding the origin of fires. To this end, the chiefs of fire departments, the mayors of cities, the presidents of incorporated villages, and the town clerk of every township are required to investigate the cause, origin, and circumstances

of every fire occurring within their respective municipalities and furnish the state fire marshal with a written report of all the facts relating to the cause and origin of the fire and such further information as may be called for by the blanks furnished by said state fire marshal. Sec. 200.19, Stats. When deemed necessary, the state fire marshal, by himself or deputies, may conduct a further investigation and examine on oath all persons supposed to be cognizant of any facts or who have any means of knowledge in relation to the origin of said fire, cause the arrest of any person believed to be guilty of the crime of arson in connection therewith, and furnish the proper prosecuting attorney with all such evidence. Sec. 200.20. By sub. (3) of sec. 200.19 it is provided that the state fire marshal "shall keep in his office a record of all fires occurring in the state, together with all facts, statistics and circumstances including the origin of the fires, which may be determined by the investigations provided by sections 200.18 to 200.27, inclusive; such statistics shall be at all times open to the public inspection."

The petitioner bases her right to the inspection demanded upon the statutory provision just quoted. That which she desires to inspect consists of the reports made to the state fire marshal pursuant to law, and, especially, the evidence taken and reports made by his deputy or deputies who conducted an investigation into the origin of the fire.

The attorney general contends that the phrase "said statistics shall be at all times open to the public inspection" does not include the reports and communications made to the state fire marshal by those conducting investigations with reference to the cause or origin of the fire, and that such reports and communications do not become records in his office. The contention of the attorney general must be sustained. The statute does not constitute such reports and communications records of the office of the state fire marshal. It does require the state fire marshal to keep certain records, but

what are they? He shall keep a record of all facts, statistics, and circumstances, including the origin of the fires, *which may be determined* by the investigations provided by law. The investigations themselves are not to be made matters of record. It is merely his determinations based upon such investigations that are to be made matters of record. Such determinations are in the nature of statistics, or at least they may be compiled as statistics, and such statistics, by the mandate of the statute, become records and are to be open to public inspection. The various reports, correspondence, and examinations made with reference to any particular fire carry no public interest, but statistics covering all fires, showing their causes, the facts and circumstances under which they originate, have an educational value, and this is what the legislature intended to make available to the public.

This conclusion is not only plain from the legislative language under consideration but it is in harmony with the apparent legislative purpose of the act. It is well known that this law was passed upon the request of the insurance companies and that they are especially assessed for the funds necessary to administer the act. The manifest purpose of the law is to apprehend and punish those who may be guilty of the crime of arson and to discourage the burning of property for the purpose of recovering the insurance thereon. If the testimony of all persons taken in investigations conducted by the state fire marshal or his deputies for the purpose of discovering the origin of fires were to be made a matter of public record, the attainment of the purposes of the law would be greatly embarrassed. We should hardly expect the legislature to write into a law a provision which would so frustrate the attainment of the purposes of the law.

That the legislature intended the information gathered by the state fire marshal with reference to the origin of a fire to be private is further indicated by the provisions of sec. 200.21 (1) that "All investigations held by or under

the direction of said state fire marshal, or his subordinates, may, in his discretion, be private, and persons other than those required to be present by the provisions of this act, may be excluded from the place where such investigation is held, and witnesses may be kept separate and apart from each other, and not allowed to communicate with each other until they have been examined." The policy thus declared is certainly inconsistent with the idea that testimony so given may be inspected by any one accused of the crime of arson as the result of such investigation. It is manifest that this is where petitioner's contention will lead us, because if such testimony as well as other information coming to the knowledge of the state fire marshal is subject to public inspection, it is subject to the inspection of the person who may be accused of the crime of arson as the result of such investigation. One accused of crime enjoys no right to an inspection of evidence relied upon by the public authorities for his conviction. *Santry v. State,* 67 Wis. 65, 30 N. W. 226; *State ex rel. Robertson v. Steele,* 117 Minn. 384, 135 N. W. 1128. In view of these considerations, the legislative purpose to permit public inspection of papers and documents such as relator seeks to inspect should plainly appear.

The fact that these reports and testimony do not become public records likewise negatives the relator's right for an inspection thereof under sec. 18.01, which in effect provides that any person during office hours may examine or copy anything required by law to be filed, deposited, or kept in a public office. The writings and documents here under discussion merely enable the state fire marshal to compile "facts, statistics and circumstances" which he is required to make a matter of record in his office and which only is open to public inspection.

*By the Court.*—Order affirmed.