STATE, Plaintiff, vs. HERMAN, Defendant.

*September 13—October 8, 1935.*

270

272

For the plaintiff there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, *John R. Brown,* district attorney of Racine county, and *O. M. Edwards,* assistant district attorney, and oral argument by *Mr. Edwards, Mr. Brown,* and *Mr. Messerschmidt.*

*Harold A. Cranefield* and *G. K. Gulbankian,* both of Racine, for the defendant.

MARTIN, J. The defendant was convicted by a jury in the circuit court for Racine county on January 29, 1935, upon an information charging him with criminal libel under sec. 348.41 (1), Stats. Defendant contends that certain errors were committed by the trial court to which exceptions have been taken and allowed by the trial court, and the action is here for consideration under sec. 358.07, Stats.

The defendant claims that he was assaulted and kidnapped in the city of Racine on December 13, 1934. On the following day he issued and published the libelous article as set forth in the information. The libel charges "that Chief of Police Lutter had knowledge of and was one of the leading organizers of this attack by underworld elements who kidnapped me on State street yesterday before noon." It appears that on January 12, 1935, a John Doe proceeding was commenced before Court Commissioner G. E. Smalley in the city of Ra-

cine upon a complaint charging John Doe as an accessory before the fact to the assault upon defendant on December 13, 1934. It further appears that on or about January 9, 1935, one Nick Bins was arrested on a complaint charging him with the assault on defendant on December 13, 1934, which is the assault referred to in the libelous publication set out in the information.

The trial court denied defendant's motion for an order directing the district attorney to permit his attorney and himself to inspect the district attorney's transcript of the testimony taken at the John Doe hearing. To this ruling exceptions were filed and error is assigned. The John Doe proceedings were had under sec. 361.02, Stats., which provides:

"Upon complaint made to any such magistrate that a criminal offense has been committed, he shall examine, on oath, the complainant and any witness produced by him, and shall reduce the complaint to writing and shall cause the same to be subscribed by the complainant; and if it shall appear that any such offense has been committed the magistrate shall issue a warrant reciting the substance of the accusation, and requiring the officer to whom it shall be directed forthwith to take the person accused and bring him before the said magistrate, or before some other magistrate of the county, to be dealt with according to law; and in the same warrant may require the officer to summon such witnesses as shall be therein named to appear and give evidence on the examination."

This statute does not require the magistrate to reduce the testimony to writing. Moreover, the rule is well established that "one accused of crime enjoys no right to an inspection of the evidence relied upon by the public authorities for his conviction." *Steensland v. Hoppmann,* 213 Wis. 593, 599, 252 N. W. 146; *State ex rel. Schroeder v. Page,* 206 Wis. 611, 615, 240 N. W. 173; *State ex rel. Spencer v. Freedy,* 198 Wis. 388, 223 N. W. 861; *Santry v. State,* 67 Wis. 65, 30 N. W. 226. The trial court ruled correctly in denying the

defendant's motion for an order for inspection of the transcript of testimony in the John Doe proceeding, and the defendant's exception in that regard must be overruled.

The defendant's second exception relates to the court's ruling excluding the defendant's offer of proof as indicated in the statement of facts preceding this opinion. Defendant sought to establish a criminal conspiracy, and that Chief of Police Lutter was one of the conspirators, and to establish by the testimony offered the truth of the libelous language. In attempting to make a *prima facie* case as to the existence of a conspiracy, the defendant's position is thus stated by his counsel:

"If the court please, the offer of proof is the testimony of the defendant, Sam Herman, that the persons who assaulted and beat him December 13th told him during the commission of that assault in effect that they were acting at the instance and request of Grover Lutter, chief of police. In conversation between the two assailants they referred to previous knowledge of and acquiescence in and participation in that attack upon Herman. That is the only direct evidence of the truth of the charge made that is offered."

The district attorney's objection was that such testimony would be hearsay, and, further, that it would be no legal proof of any collusion or the existence of a conspiracy between the unknown assailants of the defendant and Chief of Police Lutter. This is the only offer of testimony to make a *prima facie* showing as to the existence of a conspiracy. The statement by the alleged kidnappers is purely hearsay evidence as far as Chief of Police Lutter is concerned, and under elementary rules of evidence is inadmissible unless a *prima facie* case is previously established which satisfies the trial court that there is a question of fact for the jury on the issue of whether or not Mr. Lutter entered into a conspiracy with the perpetrators to kidnap the defendant. *Baker v. State,* 80 Wis. 416, 420, 50 N. W. 518; *Schultz v. State,* 133 Wis. 215,

222, 113 N. W. 428; *State v. Meating,* 202 Wis. 47, 53, 231 N. W. 263; *Gelosi v. State,* 215 Wis. 649, 654, 255 N. W. 893. There being no proof of any conspiracy, the trial court properly rejected the several offers of testimony made by the defendant, and the defendant's exception in that regard must be overruled.

The defendant then moved that the same evidence be received upon the ground that it tended to prove a reasonable basis for the defendant's belief in the truth of the allegedly libelous statement attributed to him and therefore tended to rebut the presumption of malice. Upon objection by the district attorney the offered testimony was excluded for this purpose. In making its ruling the court said:

"I think it is competent for Mr. Herman to testify that he believed in the truth of the charge made, that he made the charge in good faith, but I think we cannot properly go beyond that, so the objection to that offer is sustained."

Under the proceedings here, there is, of course, no transcript of the testimony taken on the trial. The record does show that the defendant's plea to the information was "not guilty." Whether any evidence was received at the trial tending to establish the truth of the libelous statement does not appear from the record here. There being no evidence of a conspiracy connecting Chief of Police Lutter with any assault upon or the kidnapping of the defendant, we conclude that the offered testimony for the purpose of rebutting the presumption of malice was properly excluded.

Sec. 3, art. I, Wisconsin constitution, provides:

"Every person may freely speak, write and publish his sentiments on all subjects, being responsible for the abuse of that right, and no laws shall be passed to restrain or abridge the liberty of speech or of the press. In all criminal prosecutions or indictments for libel, the truth may be given in evidence, and if it shall appear to the jury that the matter charged as libelous be true, and was published with good mo-

tives and for justifiable ends, the party shall be acquitted; and the jury shall have the right to determine the law and the fact."

It is the contention of the state that before evidence of "good motives and justifiable ends" may be introduced, the party making the libelous statement must first prove the truth of the statement. In construing a like constitutional provision of the state of Massachusetts in the case of *Commonwealth v. Snelling,* 15 Pick. (32 Mass.) 337, the court said:

"The next general ground of the defendant's exception, arises upon the construction of the statute, allowing the truth to be given in evidence, on a criminal prosecution for libel. The exception shortly stated is, that the judge instructed the jury in point of law, that upon the true meaning and construction of this statute, proof of the defendant's having heard and been informed of the facts alleged in the publication, upon what he considered credible and good authority, and also that he believed the facts to be true, was not admissible evidence, to rebut the presumption of malice; and that, in order to justify himself under the statute, he must prove the charges to be true, and that he published them with good motives and for justifiable ends. It appears to the court, upon the fullest consideration, that this can hardly be said to be so much the construction of the statute, as the plain and literal repetition of its text. . . . But how is the defense to be made? By proof of the truth of the matter, charged as libelous; not his belief of the truth, not his information, nor the strength of the authority upon which such belief was taken up. No question can arise, as to the good motive or justifiable end, until the truth is proved. The proviso referring to the motive and purpose, is a restriction on the right of the defendant. That is, he shall not be justifiable in publishing even the truth, concerning another, which tends to bring him into hatred, contempt, or ridicule, unless he can show in addition to proof of the fact, proof that this was published with good motives and for justifiable ends. . . . We think, for obvious reasons, the statute intended to put upon the party making the charge, which is to consign another to infamy, by a public stigma, the responsibility of

making strict proof of the facts imputed, and to give him the benefit of it, if he can show a good motive and purpose in publishing it."

Also the supreme court of Michigan in *People v. Talbot,* 196 Mich. 520, 162 N. W. 1017, 1019, in construing sec. 18, art. II, of the Michigan constitution, which is identical with sec. 3, art. I, of the Wisconsin constitution, adopted the language used in the *Snelling Case, supra,* stating:

"Under the constitutional provision above quoted, the respondent may only show his good faith, and that he published the libel of which complaint is made for justifiable ends, *after he has shown its truth.* In the case at bar there is absolutely no testimony in the record tending to prove the truth of the publication. It, therefore, was entirely immaterial whether the defendant believed what he published to be true or not, or whether he published the article for justifiable ends or not."

Defendant's counsel contends that, under the decision of this court in *State v. Mueller,* 208 Wis. 543, 243 N. W. 478, the rejected testimony to which reference has been made was admissible to rebut the presumption of malice. It is conceded that the publication is defamatory *per se:* The facts afford no basis to claim conditional privilege in the publication of the libelous article. In *State v. Mueller, supra,* it is said:

"Justification for the use of the words may exist without establishing their truth, *if they were used upon a lawful occasion upon probable cause and from good motives.*"

However, this case construed sec. 348.41 (2), Stats., as it relates to slander. The instant case involves criminal libel. Sub. 2, of sec. 348.41, was enacted by ch. 207, Laws of 1913. It is rather significant that the law as to criminal libel has remained as provided in sec. 3, art. I, of the Wisconsin constitution.

It is the contention of the state that before evidence of good motives and justifiable ends may be introduced, the party making the libelous statement must first prove the truth of the statement. The plain language of the constitutional

provision permits of no other reasonable interpretation. "The truth may be given in evidence, and if it shall appear to the jury that the matter charged as libelous be true and was published with good motives and for justifiable ends, the party shall be acquitted. . . ." Like constitutional provisions in Massachusetts and in Michigan have been so interpreted.

The defendant's exception to the denial of his motion for continuance of the trial of this case until after the termination of the action of the *State of Wisconsin v. Nick Bins* is without merit. Defendant's counsel makes no reference to this exception in his brief and made none on the oral argument.

We find no error in the rulings of the trial court to which exceptions have been taken.

*By the Court.*—Exceptions overruled and record remanded.