# STATE of Wisconsin EX REL. Harlan RICHARDS, Petitioner-Respondent,

## v.

# C. William FOUST, Respondent-Appellant.†

### Court of Appeals

*No. 89–2083. Submitted on briefs May 24, 1990.—Decided October 4, 1990.*

(Also reported in 463 N.W.2d 378.)

---

† Petition to review granted.

For the respondent-appellant the cause was submitted on the briefs of *Cal W. Kornstedt* and *Linda C. Krueger* of *Dane County Corporation Counsel.*

For the petitioner-respondent the cause was submitted on the brief of *Harlan Richards, pro se* of Waupun.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. Dane County District Attorney C. William Foust appeals from a judgment denying his motion to quash an alternative writ of mandamus. The trial court issued the alternative writ on Harlan Richards' petition. Richards' petition alleged that Foust had denied his request under Wisconsin's public records law, secs. 19.31–.39, Stats., to inspect the prosecutor's closed case file in the criminal action *State v. Richards,* case No. 84 CF 344.

The central issue is whether there is a common law exception prohibiting disclosure of a prosecutor's closed case files under Wisconsin's public records law. We conclude that a prosecutor's closed case files are subject to the public records law and that the documents or records contained in those files cannot be withheld from inspection unless the harmful effect on the public interest to disclosing that information outweighs the public's right

of access. *See State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681–82, 137 N.W.2d 470, 474–475 (1965). Accordingly, we affirm and remand the matter to the trial court for further proceedings.

In March of 1989, Richards made a written request under Wisconsin's public records law for access to the prosecutor's case file in the criminal action, *State v. Richards.* In his request, Richards stated that he wished "to view all documents, memos and other writings which *are not* included in the court files." (Emphasis in original.) Richards also explained that the case was closed, the supreme court having denied his petition for review. He directed the request to Dane County District Attorney C. William Foust, who did not respond to the request.

In May of 1989, Richards petitioned for an alternative writ of mandamus, directing Foust to disclose the file. In June of 1989, the court issued the writ, ordering Foust to either disclose the requested file or explain why he had not done so.

Foust moved to quash the alternative writ, claiming that he "enjoy[ed] a common law exception" to the public records law. In his brief supporting the motion, Foust argued that under the common law a prosecutor's case file was exempt from public inspection.

The trial court denied the motion to quash, rejecting Foust's contention that he was not required to respond to Richards' request with a written reason for the denial. Because Foust denied Richards' request without stating any reasons for the denial, the court concluded that the requested file must be released. The court ordered Foust to give Richards access to the file by September 25, 1989. On October 27, 1989, the court rendered a judgment directing Foust to furnish access to the file by October 31, 1989.

Foust did not release the file. At a November 22, 1989 hearing, the court denied Foust's request for a stay from the order pending appeal and found Foust in contempt of court for failing to release the file. The court imposed a $100 penalty for each day past December 2, 1989 that Foust failed to release the file.

We granted Foust's petition for leave to appeal a non-final judgment and for a stay pending appeal.

Under Wisconsin's public records law, any person has the right to inspect any public record. Sec. 19.35(1)(a), Stats. The right to inspect, however, is not absolute. *Journal/Sentinel, Inc. v. Aagerup,* 145 Wis. 2d 818, 822, 429 N.W.2d 772, 774 (Ct. App. 1988). While the general presumption is that public records shall be open to the public, inspection may be denied where there is a clear statutory exception, where there exists a limitation under the common law, or where the public interest in nondisclosure outweighs the right to inspect. *Hathaway v. Joint School Dist. No. 1, Green Bay,* 116 Wis. 2d 388, 397, 342 N.W.2d 682, 687 (1984).

Foust argues that he justifiably refused to disclose the file because "substantive common law principles prohibit public inspection of prosecutors' closed case files under Wisconsin's open records law." As such, he maintains that the court should not engage in a balancing test to determine whether the public's interest in nondisclosure outweighs the public's right to inspect.

Foust relies on two cases: *State v. Herman,* 219 Wis. 267, 262 N.W. 718 (1935), and *Britton v. State,* 44 Wis. 2d 109, 170 N.W.2d 785 (1969). In *Herman,* the trial court denied the defendant's motion for an order to inspect the transcript of testimony in a John Doe proceeding. *Id.* at 274, 262 N.W.2d at 721. The court affirmed, stating that "'one accused of crime enjoys no

right to an inspection of the evidence relied upon by the public authorities for his conviction.'" *Id.* at 274, 262 N.W.2d at 722 (citations omitted).

In *Britton,* the defendant sought access to the prosecutor's files during post-conviction proceedings so that he could determine whether they contained any useful or helpful information. *Id.* at 116, 170 N.W.2d at 788–89. Affirming the trial court's denial of the request, the court distinguished between disclosure and discovery. According to the court:

> Discovery emphasizes the right of the defense to obtain access to evidence necessary to prepare its own case, while disclosure concerns itself with the duty of the prosecution to make available to the accused the evidence and testimony which, as a minimum standard, is exculpatory based on constitutional standards of due process.

*Id.* at 117–18, 170 N.W.2d at 789.

The court treated the defendant's request as one for disclosure rather than discovery. *Id.* at 118, 170 N.W.2d at 789–90. The court refused to hold that the defendant had a constitutional right to "full disclosure of helpful information." *Id.*

Richards seeks to inspect the file in a closed case. The case was tried, appealed to this court, and denied review by the supreme court. Neither *Herman* nor *Britton* address whether a defendant may inspect a prosecutor's closed files. Foust cites an opinion of the attorney general that concludes that a prosecutor's case files are not open to public inspection either before or after trial. 74 Op. Att'y Gen. 4, 7–12 (1985). Opinions of attorney general, however, are not part of the common law.

536

We conclude that Foust has not established that a prosecutor's closed case file is exempt from public records law disclosure by virtue of a common law exception.[1] This is an error correcting court, *State ex rel. Swan v. Elections Bd.,* 133 Wis. 2d 87, 93-94, 394 N.W.2d 732, 735 (1986), and Foust has not shown a trial court error. We therefore conclude that the documents and records contained in a prosecutor's closed case files are open to inspection under the public records law unless the harmful effect on the public interest in disclosing the information outweighs the public's right to have access to that information. *See State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681-82, 137 N.W.2d 470, 474-75 (1965). In *Youmans,* the court set out the procedure used to determine whether the harm to the public interest caused by disclosing the public record outweighs the public's right to inspect the record:

> The duty of first determining that the harmful effect upon the public interest of permitting inspection outweighs the benefit to be gained by granting inspection rests upon the public officer having custody of the record or document sought to be inspected. If he determines that permitting inspection would result in harm to the public interest which outweighs any benefit that would result from granting inspection, it is incumbent upon him to refuse the demand for inspection and state specifically the reasons for this refusal.

*Id.* at 682, 137 N.W.2d at 475.

---

[1]Foust argues for the first time on appeal that the attorney work product doctrine serves as a common law limitation on the public's right to inspect a prosecutor's closed case file. As a general rule, this court will not consider issues raised for the first time on appeal. *Allen v. Allen,* 78 Wis. 2d 263, 270, 254 N.W.2d 244, 248 (1977). We decline to address this issue.

Having concluded that a prosecutor must give specifically stated, sufficient reasons for denying a records request, we must consider Foust's failure to do so. The custodian's duty is to specify reasons for the denial, and the court's role is to determine whether the custodian's reasons are sufficient. *See Fox v. Bock,* 149 Wis. 2d 403, 415-16, 438 N.W.2d 589, 595 (1989); *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 426-27, 279 N.W.2d 179, 184 (1979). We cannot hypothesize reasons or consider reasons for nondisclosure which the custodian did not assert. *Newspapers, Inc.,* 89 Wis. 2d at 427, 279 N.W.2d at 184. Moreover, if the custodian gives no reasons for withholding the public record, mandamus must issue because "there is an absolute right to inspect a public document in the absence of specifically stated sufficient reasons to the contrary." *Beckon v. Emery,* 36 Wis. 2d 510, 518, 153 N.W.2d 501, 504 (1967).

Foust failed to respond to Richards' public records request. Ordinarily, when a custodian gives no reasons for denying a request, we would simply conclude that mandamus must issue. Here, however, the prosecutor's closed file could contain damaging and possibly dangerous information. Moreover, no prior Wisconsin case has stated that the balancing test applies to a prosecutor's closed case files. We conclude that in this case, justice requires that we remand the matter to the trial court so that Foust may state his reasons for withholding the file in a return to the alternative writ of mandamus.[2]

---

[2]Because Foust failed to respond to Richards' public records request, we conclude that a penalty, not a grant of Richards' writ, may be appropriate. *See* sec. 19.37(4), Stats., which provides in part: "Any authority which or legal custodian under s. 19.33 who

When the trial court receives the return to the writ, it must then examine the file *in camera*. The court must determine what information in the file may be released and what may be withheld. These determinations should be based on consideration of whether the harm likely to result to the public interest by allowing the inspection of the document outweighs the benefit to be gained by granting inspection. *Youmans,* 28 Wis. 2d at 682, 137 N.W.2d at 475.

We next address the procedural posture of this case. We agreed to review the trial court's denial of Foust's motion to quash the alternative writ of mandamus. Ordinarily, a court does not consider a custodian's reasons for denying a request for inspection on a motion to quash an alternative writ of mandamus. This is because a motion to quash is treated as a motion to dismiss the complaint under sec. 802.06(2), Stats. *State ex rel. Morke v. Donnelly,* 155 Wis. 2d 521, 526, 455 N.W.2d 893, 895 (1990); sec. 783.01, Stats. The issue presented on the motion is whether the facts alleged in the petition for the alternative writ state a cause of action under the public records statute. *Morke,* 155 Wis. 2d at 526, 455 N.W.2d at 895. It is undisputed that the petition for mandamus states a cause of action. We therefore affirm the trial court's denial of the motion to quash.

*By the Court.*—Judgment affirmed and cause remanded for further proceedings.

arbitrarily and capriciously denies or delays response to a request . . . may be required to forfeit not more than $1,000."