STATE of Wisconsin EX REL. Harlan RICHARDS,
Petitioner-Respondent,†

v.

C. William FOUST, Respondent-Appellant-Petitioner.

Supreme Court

*No. 89-2083. Submitted on briefs October 4, 1991.—Decided
December 10, 1991.*

(Also reported in 477 N.W.2d 608.)

†Motion for reconsideration denied March 3, 1992.

429a

For the respondent-appellant-petitioner the cause was submitted on the briefs of *Robert W. Larsen,* assistant attorney general and *James E. Doyle,* attorney general.

For the petitioner-respondent there was a brief by *Harlan Richards,* Waupun.

Amicus curiae brief was filed by *Jeff Scott Olson* and *Julian, Olson & Lasker, S.C.,* Madison for State Bar of Wisconsin Individual Rights Section.

STEINMETZ, J. This case presents two questions. The first question concerns whether the attorney general's office has jurisdiction to represent the district attorney, and the second deals with whether closed prosecutorial files are exempt from public access under open records law. We hold that the attorney general's office has the authority to represent the district attorney. We also hold that prosecutorial files are exempt from public access. We thereby reverse the holding of the

court of appeals.[1]

On March 24, 1989, Harlan Richards submitted to Dane County District Attorney C. William Foust, a written request pursuant to Wisconsin's open access to records law to inspect the closed prosecutor's case file of a criminal action against him.[2] Foust failed to respond to the written request.

Richards then filed a petition for an alternative writ of mandamus in Dane county circuit court on May 2, 1989. The Honorable Gerald C. Nichol issued an alternative writ of mandamus directing Foust to furnish Richards with access to the prosecutor's case file or show cause why access to the file should be denied. Foust moved to quash the alternative writ of mandamus on June 28, 1989. In addition, he submitted a memorandum asserting that a prosecutor's case file is exempt from inspection under the open records law.

On July 6, 1989, Richards requested substitution of Judge Nichol. The request was granted and the Honorable Moria Krueger was assigned to the case. Judge Krueger issued a memorandum decision and order on August 31, 1989, which denied Foust's motion to quash and ordered Foust to grant Richards access to the requested public records.

Foust refused to obey the court's order and Richards filed a motion for contempt. Foust, in turn, sought leave to file an interlocutory appeal and made a motion to stay the judgment pending appeal.

The court of appeals granted Foust leave to appeal a non-final order and stayed the order of the trial court granting access to the public records. The court of appeals ultimately remanded the case to the trial court

---

[1]*State ex rel. Richards v. Foust,* 158 Wis. 2d 531, 463 N.W.2d 378 (Ct. App. 1990).

[2]The file has been closed since May 10, 1988.

for an in camera inspection of the requested records and to grant Richards access to the records approved by the court.

## ISSUE I

█ Richards challenges the representation of District Attorney Foust by the attorney general's office. We find that under sec. 165.25(1), Stats.,[3] the attorney general's office has the proper authority to represent Foust in this case. It specifically authorizes representation of any state official, employe or agent in a matter "in which the state or the people of this state may be interested." Public access to prosecutorial records is a matter in which the state and the people of the state have an interest.

## ISSUE II

Defendant's access to prosecutorial information is authorized by the judiciary and state legislature under limited circumstances. The state has a duty to disclose

[3]Section 165.25(1), Stats. 1987–88 provided as follows:

**Duties of department of justice.** The department of justice shall:
(1) REPRESENT STATE. Except as provided in s. 59.47(7), appear for the state and prosecute or defend all actions and proceedings, civil or criminal, in the court of appeals and the supreme court, in which the state is interested or a party, and attend to and prosecute or defend all civil cases sent or remanded to any circuit court in which the state is a party; and, if requested by the governor or either house of the legislature, appear for and represent the state, any state department, agency, official, employe or agent, whether required to appear as a party or witness in any civil or criminal matter, and prosecute or defend in any court or before any officer, any cause or matter, civil or criminal, in which the state or the people of this state may be interested. The radioactive waste review board may request under s. 16.08(7) that the attorney general intervene in federal proceedings. All expenses of the proceedings shall be paid from the appropriation under s. 20.455(1)(d).

to a defendant information in its control which tends to negate the guilt or reduce the defendant's punishment. *Nelson v. State,* 59 Wis. 2d 474, 479, 208 N.W.2d 410 (1973). Wisconsin's discovery and inspection statute, sec. 971.23(1), Stats., requires that exculpatory and inculpatory evidence be made available to a defendant.[4]

This court, however, is being asked to address whether a prosecutor's files are open to public inspection. There is a presumption that the public has the right to inspect public records unless an exception is found. *Hathaway v. Green Bay School Dist.,* 116 Wis. 2d 388, 392, 342 N.W.2d 682 (1984). This court capsulated the essence of modern public records law as follows:

> [T]he general presumption of our law is that public records shall be open to the public unless there is a clear statutory exception, unless there exists a limitation under the common law, or unless there is an overriding public interest in keeping the public record confidential.

*Id.* at 397. We conclude that the common law provides an exception which protects the district attorney's files

---

[4]Section 971.23(1), Stats., provides as follows:

**Discovery and Inspection.** (1) DEFENDANT'S STATE-MENTS. Upon demand, the district attorney shall permit the defendant within a reasonable time before trial to inspect and copy or photograph any written or recorded statement concerning the alleged crime made by the defendant which is within the possession, custody or control of the state including the testimony of the defendant in an s. 968.26 proceeding or before a grand jury. Upon demand, the district attorney shall furnish the defendant with a written summary of all oral statements of the defendant which he plans to use in the course of the trial. The names of witnesses to the written and oral statements which the state plans to use in the course of the trial shall also be furnished.

from being open to public inspection.[5]

The district attorney has broad prosecutorial discretion. *State v. Karpinski,* 92 Wis. 2d 599, 285 N.W.2d 729 (1979). This court has repeatedly concluded that "[t]he discretion to charge or not to charge, and the discretion of how to charge, rests solely with the district attorney. Only where there has been an aura of discrimination has this court indicated that checks were to be placed upon a prosecutor's charging decision. *Unnamed Petitioners v. Connors,* 136 Wis. 2d 118, 127-28, 401 N.W.2d 782 (1987). *See also State v. Kenyon,* 85 Wis. 2d 36, 45, 270 N.W.2d 160 (1978) stating " '[t]he discretion resting with the district attorney in determining whether to commence a prosecution is almost limitless . . ..' "

In several cases defendants have been denied access to prosecutors' files. In *State v. Herman,* 219 Wis. 267, 274-75, 262 N.W. 718 (1935), a prosecutor who denied access to a transcript of testimony in a John Doe proceeding was deemed to have acted properly.[6] The court in *In re Wis. Family Counseling Services v. State,* 95 Wis. 2d 670, 673, 291 N.W.2d 631 (Ct. App. 1980) held that the accused had no right to inspect evidence relied upon by the prosecution. In addition, it has been held that an accused does not have a general right to access a prosecutor's files either before or after trial. *See Matter of State ex rel. Lynch v. County Ct.,* 82 Wis. 2d 454, 464,

---

[5]Prior to the enactment of the first general public records legislation by ch. 178, Laws of 1917, the public's right of access to government records was governed mainly by the common law. These general principles remain unchanged. Section 19.35(1)(a), Stats., states that "[s]ubstantive common law principles construing the right to inspect, copy or receive copies of records shall remain in effect."

[6]The secrecy of John Doe proceedings was not established until ch. 631, Laws of 1949.

262 N.W.2d 773 (1978), concluding that the constitutional right to a fair trial does not include allowing a defendant to inspect a prosecutor's entire file and that generalized inspection by the defense at an early stage of a criminal prosecution is harmful to the orderly administration of justice; *see also Britton v. State,* 44 Wis. 2d 109, 117–18, 170 N.W.2d 785 (1969), holding that there is no general right to inspect a prosecutor's files after trial.

We recognize that this case involves a defendant wanting to see his own file. However, if we declare the district attorney's file open, anyone, including other prisoners, can demand to see the files. The file may contain historical data leading up to the prosecution which may be in the form of anonymous statements, informants' statements, or neighborhood investigations at the scene of the crime—all of which are to be protected if continuing cooperation of the populace in criminal investigations is to be expected. In addition to the common law, public policy grounds exist to keep the prosecutorial file closed. These public policy grounds are obviously a part of the reason for the common law exception.

In *State ex rel. Spencer v. Freedy,* 198 Wis. 388, 223 N.W. 861 (1929), the defendant petitioner in a mandamus action sought access to data collected in an investigation by a fire marshal. The court was presented with the issue of whether there was a right of access to the information gathered in the course of the investigation. The court concluded:

> The investigations themselves are not to be made matters of record. It is merely his determinations based upon such investigations that are to be made matters of record. Such determinations are in the nature of statistics, or at least they may be compiled

> as statistics, and such statistics, by the mandate of the statute, become records and are to be open to public inspection.

*Id.* at 391. Thus, the court decided that the public is not allowed access to all data collected in the course of an investigation. Rather, only conclusions, which are based upon investigations, are matters open for public inspection. Likewise, we find that access to data collected and placed into prosecutor files is not open to indiscriminate public view.

Additional common law support for not permitting public inspection of prosecutorial files is found in a 1985 opinion of the Wisconsin attorney general. Although the opinion of the attorney general is neither common law nor binding on courts, nevertheless, the courts in Wisconsin have historically considered attorney generals' opinions when making decisions.[7] The attorney general concluded that a common law limitation does exist against access to prosecutors' files under the public records law. The attorney general wrote that "*there are numerous limitations* under the common law upon the right of the public to examine papers." 74 Op. Att'y Gen. 4, 7 (1985) *(quoting State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 680–81, 139 N.W.2d 241 (1965)). The attorney general added, "[i]t long has been the rule that documentary evidence in the files of a district attorney constitutes an exception to the rule permitting citizens to inspect papers in the possession of public officials." *Id.* at 8–9 *(quoting International Union v. Gooding,* 251 Wis. 362, 29 N.W.2d 730 (1947)). The attorney general

---

[7] *See State ex rel. Lank v. Rzentkowski,* 141 Wis. 2d 846, 416 N.W.2d 635 (Ct. App. 1987); *Fond du Lac County v. Rosendale Town,* 149 Wis. 2d 326, 440 N.W.2d 818 (Ct. App. 1989).

asserted that if at common law defendants do not have a right of access to their own file, it follows that the file cannot be open to the public at large under the public records law. *Id.* at 10. We agree. Furthermore, the Dane county district attorney, under the common law right to not disclose access to the prosecutorial file, had no obligation to respond to Harlan Richards' written request for access. This court, however, recommends that a requester be notified in writing by the prosecutor's office that prosecutorial files are not open for inspection.

Due to the fact that our decision is based on the common law exception, our analysis will not address statutory exceptions or public interests concerning nondisclosure.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. *(dissenting).* I write because the majority opinion fails to follow the principles and procedures the legislature and the court have set forth and because it reaches the wrong result.

I would affirm the decision of the court of appeals. I agree with the court of appeals that a prosecutor's closed case files are records subject to the public records law. I also agree with the court of appeals that this case should be remanded to the circuit court to conduct an *in camera* inspection of the material and to perform the balancing test necessary to determine whether to give the petitioner access to the files. *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681–82, 137 N.W.2d 470 (1965).

I.

The legislature has established a presumption of complete public access to government records, consistent

with the conduct of government business. Section 19.31, Stats. 1989–90. Furthermore, sec. 19.35(1)(a), Stats. 1989–90, specifically states "[e]xcept as otherwise provided by law, any requester has a right to inspect any record." The right to inspect, however, is, as we have stated in numerous cases, not absolute. Inspection may be denied when there is a clear statutory exception,[1] when a limitation exists at common law,[2] or when the public interest in nondisclosure outweighs the right to inspect. *Hathaway v. Joint School District,* 116 Wis. 2d 388, 397, 342 N.W.2d 682 (1984).

This case involves the petitioner's request to inspect a prosecutor's closed case files concerning the petitioner.

No statute excepts these files from the public records law. The majority concludes that a common law exception protects the prosecutor's files from being open to public inspection. The majority reaches this conclusion by relying on cases involving open, not closed, case files.[3] The reasons for protecting a prosecutor's open case files from public inspection are not applicable to protecting a prosecutor's closed case files. Hence the cases concerning open files upon which the majority

---

[1]Section 19.36(1), Stats. 1989–90.

[2]Section 19.35(1)(a), Stats. 1989–90.

[3]*Matter of State ex rel. Lynch v. County Court,* 82 Wis. 2d 454, 262 N.W.2d 773 (1978) (preliminary hearing); *Britton v. State,* 44 Wis. 2d 109, 170 N.W.2d 785 (1969) (postconviction proceedings; constitutional right to access to exculpatory evidence); *State v. Herman,* 219 Wis. 267, 262 N.W. 718 (1935) (John Doe proceeding before trial); *State ex rel. Spencer v. Freedy,* 198 Wis. 388, 223 N.W. 861 (1929) (investigation before prosecution); *In re Wisconsin Family Counseling Services v. State,* 95 Wis. 2d 670, 291 N.W.2d 631 (Ct. App. 1980) (John Doe investigation and open case files); 74 O.A.G. 4, 7 (1985) (prior to completion of trial).

relies do not govern closed case files. The majority cites no case that discusses a common law limitation on public inspection of a prosecutor's closed case files, the parties cite no such case, and I have found none. Accordingly I conclude that no common law exception exists for a prosecutor's closed case files.

Even if no statutory or common law rule bars public access to an entire class of documents, the petitioner does not necessarily get access to the documents. Documents are not open to inspection under the public records law if the harmful effect on the public interest in disclosing the information outweighs the public's right to access to that information. *Hathaway v. Joint School District,* 16 Wis. 2d 388, 397, 342 N.W.2d 682 (1984); *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 681, 137 N.W.2d 470 (1965).

## II.

The majority opinion, without explanation or citation to authority, concludes that the prosecutor had no obligation to respond to the written request for access. Majority op. at 437. Under the procedure set forth by statute, sec. 19.35(4), Stats. 1989–90, and our prior cases, the custodian of the records (here the prosecutor) is obliged to state specific reasons for refusing to allow inspection of the documents. If the custodian gives no reason or insufficient reason, a writ of mandamus compelling the production of records must issue. *Fox v. Bock,* 149 Wis. 2d 403, 415–16, 438 N.W.2d 589 (1989); *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 427, 279 N.W. 179 (1979); *State ex rel. Youmans v. Owens,* 28 Wis. 2d 672, 682, 137 N.W.2d 470 (1965); *Oshkosh Northwestern Co. v. Oshkosh Library,* 125 Wis. 2d 480, 483, 373 N.W.2d 459 (Ct. App. 1985).

The prosecutor in this case failed to give any reason for his denial of access. The prosecutor's petition for review and reply brief admit that the court could choose to grant the petitioner a victory based on the prosecutor's failure to give an explanation.[4] The court of appeals properly decided to remand the case for an *in camera* inspection.

For the reasons set forth, I would remand the case to the circuit court to conduct an *in camera* inspection of the records.

I am authorized to state that Chief Justice Heffernan joins this dissent.

---

[4]The prosecutor's petition for review (p.3) explains that "the procedural landscape in this public records case is not pretty, but the legal issue is too important to let go."

PER CURIAM (*on motion for reconsideration*). Harlan Richards moved this court for reconsideration of its decision in *State of Wisconsin ex rel. Richards,* 165 Wis. 2d 429, 477 N.W.2d 608 (1991). The Wisconsin Newspaper Association, the Wisconsin Broadcasters Association and the Wisconsin Freedom of Information Council filed a statement in support of the motion for reconsideration. We deny the motion for reconsideration without costs.

We file this memorandum on the motion for reconsideration to advise litigants of the court's procedure when an appellant or petitioner files a notice of dismissal pursuant to sec. 809.18.

This case was accepted on briefs for review. The opinion of the court on the matter was filed on December 10, 1991.

After all briefs were filed and the matter was decided by the court and assigned to a justice to write the court's opinion, the parties filed a stipulation to dismiss the review which the court declined to do under sec. (Rule) 809.63, Stats. The court on February 18, 1992 adopted an amendment to its Internal Operating Procedures codifying the procedure followed in this case to-wit:

## II. DECISIONAL PROCESS

. . ..

### L. Miscellaneous

4. *Voluntary Dismissal.* If a notice of voluntary dismissal of a proceeding on a petition for review, petition for bypass or certification or of an original action or supervisory writ proceeding is filed before all of the briefs in the proceeding are filed, the chief justice may act on the notice; if a notice of voluntary

dismissal is filed after all of the briefs in the proceeding are filed, the chief justice shall bring the notice to the court for action.

The court having considered the Motion for Reconsideration filed on December 18, 1991, by Harlan Richards and the letter response of the State of Wisconsin, and the statement in support of the motion for reconsideration by the Wisconsin Newspaper Association, the Wisconsin Broadcasters Association, and the Wisconsin Freedom of Information Council filed on January 2, 1992;

*IT IS ORDERED* that the Motion for Reconsideration is denied, without costs.

Shirley S. Abrahamson, J. *(dissenting)*. Even though Richards' brief supporting the motion to reconsider raises issues that were considered in the majority or dissenting opinion, I would grant reconsideration on all issues and arguments.[1]

I believe the court has seriously erred by ignoring the controlling statute and legal precedent. The majority's holding that a custodian of a public record need not state reasons for denying a request for access to a record

---

[1]The court's internal operating procedures state:

> Reconsideration, in the sense of a rehearing of the case, is seldom granted. A change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing on the record. A motion for reconsideration may result in the court's issuing a corrective or explanatory memorandum to its opinion without changing the original mandate.

Wisconsin Supreme Court Internal Operating Procedures II.J (1991).

440b

directly conflicts with the text of and legislative intent expressed in sec. 19.35(4)(a), Stats. 1989–90.

Section 19.35(4)(a) expressly requires an authority to give a reason for denying access to any record: "Each *authority,* upon request for any record, *shall,* as soon as practicable and without delay, either *fill* the request or *notify* the requester of the authority's determination to deny the request in whole or in part and the reasons therefor." (emphasis added).[2]

For purposes of secs. 19.33 to 19.39, authority is defined to include a district attorney,[3] and the word record is defined broadly to include almost all materials in a government office.[4] The word record as used in sec.

---

[2]The requirement that the authority give reasons for a denial of a request for any record is further explained in sec. 19.35(4)(b) which provides as follows:

If a request is made orally, the authority may deny the request orally unless a demand for a written statement of the reasons denying the request is made by the requester within 5 business days of the oral denial. If an authority denies a written request in whole or in part, the requester shall receive from the authority a written statement of the reasons for denying the written request. Every written denial of a request by an authority shall inform the requester that if the request for the record was made in writing, then the determination is subject to review by mandamus under s. 19.37(1) or upon application to the attorney general or a district attorney.

[3]Section 19.32(1) defines authority to include an elected official.

[4]Section 19.32(2) defines record broadly as follows:

**19.32 Definitions.** As used in ss. 19.33 to 19.39:

(2) "Record" means any material on which written, drawn, printed, spoken, visual or electromagnetic information is recorded or preserved, regardless of physical form or characteristics, which has been created or is being kept by an authority. "Record" includes, but is not limited to, handwritten, typed or printed pages, maps, charts, photographs, films, recordings, tapes (including computer tapes), and computer printouts. "Record" does not include drafts, notes, prelimi-

19.35(4)(a) includes both records to which the public has access and those to which the public may be denied access. Thus both the open and closed files in the district attorney's office are records as that word is used in the public record statute.

I do not know how, after the decision in this case, the legislature could amend the statutes to make its intent any clearer that each authority must give a reason for denying access to a record. Must the legislature add the words "AND WE REALLY MEAN IT" to sec. 19.35(4)(a)?

Furthermore the majority has failed to appraise the different policy considerations governing prosecutors' open and closed files and has failed to appreciate that government operations and the public interest remain protected when circuit courts examine, on a case by case basis, a prosecutor's closed files *in camera* to determine whether they should be made public.

Under these circumstances I believe that reconsideration of the entire case and the opportunity for oral argument of the issues is needed. For these reasons I dissent from the denial of the motion for reconsideration.

I am authorized to state that Chief Justice Heffernan and Justice Bablitch join in this dissent.

nary computations and like materials prepared for the originator's personal use or prepared by the originator in the name of a person for whom the originator is working; materials which are purely the personal property of the custodian and have no relation to his or her office; materials to which access is limited by copyright, patent or bequest; and published material in the possession of an authority other than a public library which are available for sale, or which are available for inspection at a public library.