COURT OF APPEALS
DECISION
DATED AND FILED

May 24, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP871**

Cir. Ct. No. **2021CV1786**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN EX REL. TERRENCE LAFAIVE,

    PETITIONER-APPELLANT,

  V.

RECORDS CUSTODIAN WAUKESHA COUNTY DISTRICT ATTORNEY,

    RESPONDENT-RESPONDENT.

---

        APPEAL from an order of the circuit court for Waukesha County: LLOYD CARTER, Judge. *Affirmed.*

        Before Gundrum, P.J., Neubauer and Grogan, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Terrence LaFaive appeals pro se from the circuit court's order denying his petition for a writ of mandamus related to records he sought from the Waukesha County District Attorney's (DA) office. We conclude that the circuit court did not err in dismissing LaFaive's petition, so we affirm.

## *Background*

¶2 In January 2020, LaFaive was charged in two criminal cases. These matters were scheduled to be resolved by plea and sentencing on August 27, 2020. At the hearing that day, counsel for LaFaive, Attorney Peter Wolff, appeared in the courtroom, while LaFaive and the prosecutor appeared by Zoom. Wolff, the prosecutor, the court, and LaFaive went back-and-forth regarding their understanding of the plea agreement and what the State would or would not argue at sentencing. It became clear during the hearing that a misunderstanding existed regarding what the State would argue as part of the plea agreement. Wolff indicated it was his understanding that "the State is offering probation" with regard to one of the charges to which LaFaive was pleading. The exchange continued:

> [PROSECUTOR]: That is not true.
>
> THE COURT: Well, that's on his paperwork so—Unless he agrees to go forward on that, we're gonna have an issue because I don't think he understands that that entire offer at some point morphed it sounds like. Or at least his understanding.
>
> [PROSECUTOR]: I would agree with that. I think there—Attorney Wolff has been, been texting me. And it does appear, based upon the comments in court and his comments, that there w[as] some miscommunication.
>
> My understanding was—and that's I think, what I wrote down—is that both are free to argue. That was the agreement for the State to modify what charges he was pleading to.

2

> So both sides free to argue means to me we can argue anything that we want, and I think it meant something else to Mr. Wolff and that was relayed to Mr. LaFaive.
>
> So I think there's definitely a misunderstanding or miscommunication about the offer, the recommendation.

The hearing was rescheduled, and in September 2020, LaFaive pled guilty to two criminal offenses and was sentenced.

¶3    In October 2021, LaFaive made an open records request of the DA's office, requesting "[a]ll correspondence between the State and atty Peter Wolff in relation to Mr. Terrence LaFaive." LaFaive indicated he was specifically seeking "the text messages that [Assistant DA] Boese asserted [at the August 27, 2020 hearing] passed between" her and Wolff. Not receiving a sufficiently timely response from the DA's office to his records request, LaFaive filed a petition for a writ of mandamus seeking a court order forcing the DA's office to provide him the requested documents. The DA's office moved to dismiss/quash the petition, the court granted the motion, and LaFaive now appeals from that order.

### *Discussion*

¶4    We review de novo a circuit court's grant or denial of a motion to dismiss. ***Wisconsin Mfrs. & Com. v. Evers***, 2022 WI 38, ¶7, 401 Wis. 2d 699, 977 N.W.2d 374. We also review independently whether a common law exception to disclosure of records under the public records law applies. *See **Democratic Party of Wis. v. Wisconsin DOJ***, 2016 WI 100, ¶9, 372 Wis. 2d 460, 888 N.W.2d 584.

¶5    In dismissing LaFaive's petition, the circuit court stated at the hearing on the motion to dismiss/quash that

> what is the subject of [LaFaive's] writ of mandamus is communications between a prosecuting attorney and a defense attorney representing Mr. LaFaive. Whether they

are text messages or e-mails really isn't material. They're communications as part of plea negotiations. And, as such, the Court does believe that they certainly would fall into the category as set forth in *Foust*[1] of materials that are integral to the prosecutorial process, the prosecution function. And so this Court finds specifically that Foust … is applicable here….

….

… These are communications between Mr. Wolff as counsel for Mr. LaFaive and Ms. Boese as the representative of the district attorney's office in negotiations over criminal charges and setting the parameters of some plea negotiations that have been going on.

… It's a question of whether or not those documents are integral to the prosecutorial function. And they amount to plea negotiations, and they clearly fall, in the Court's view, within the parameter of the *Foust* decision. And under those circumstances, the Court believes that the State's position here today, moving to dismiss this case based upon the application of *Foust* is properly placed.

¶6      The circuit court got it exactly right. In ***State ex rel. Richards v. Foust***, 165 Wis. 2d 429, 477 N.W.2d 608 (1991), our supreme court held that "the common law provides an exception [to the general rule of open access to public records] which protects the district attorney's files from being open to public inspection." ***Nichols v. Bennett***, 199 Wis. 2d 268, 274, 544 N.W.2d 428 (1996) (quoting ***Foust***, 165 Wis. 2d at 433-34). Under ***Foust***, "documents integral to the criminal investigation and prosecution process are protected" from public inspection under the open records law. ***Nichols***, 199 Wis. 2d at 275 n.4 (quoting ***Foust***, 165 Wis. 2d at 434). Our supreme court has also clarified that "[i]t is the nature of the record, rather than its form or location that matters." ***Democratic Party of Wis.***, 372 Wis. 2d 460, ¶27.

---

[1] ***State ex rel. Richards v. Foust***, 165 Wis. 2d 429, 433-34, 477 N.W.2d 608 (1991).

¶7 Here, LaFaive was specifically seeking the text message communications between his defense counsel and the prosecutor on his case that were sent as an effort to try to clarify and work through misunderstandings related to plea negotiations. Little could be more "integral to the … prosecution process" than communications between defense counsel and the prosecutor related to plea negotiations.

¶8 Subsequent to the August 27, 2020 hearing, LaFaive also filed a complaint against Wolff with the Office of Lawyer Regulation (OLR). LaFaive directs our attention to an apparent statement from the OLR in which it is asserted that Wolff essentially indicated to OLR that the text communication at issue was "not substantive and did not discuss the plea deal" but instead indicated something to the effect of: "I sent you an email." We are unmoved. As the circuit court found, the texts the prosecutor was referring to at the August 27 hearing were connected to the plea negotiations in LaFaive's case, whether directly or indirectly by referring to a related e-mail. The transcript of the hearing shows that the parties were just coming to the realization that there was a misunderstanding as to whether the State would be "offering probation" with regard to one of the charges to which LaFaive was pleading. Wolff expressed his understanding that the State would offer probation, and the prosecutor responded, "That is not true." The court then stated that the probation offer was "on his paperwork" and indicated its belief that LaFaive did not "understand[] that that entire offer at some point morphed it sounds like. Or at least his understanding." The prosecutor responded: "I would agree with that. I think there—Attorney Wolff has been, been texting me. And it does appear, based upon the comments in court *and his comments*, that there w[as] some miscommunication." (Emphasis added.) As the State points out in its response brief, "LaFaive does not argue that communications between [the prosecutor] and

5

Attorney Wolff would have been made for a reason other than to address his cases." We agree, and under *Foust*, such records are not open for public inspection.

¶9 For the foregoing reasons, we conclude the circuit court did not err in dismissing LaFaive's petition for a writ of mandamus.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).