PORTAGE DAILY REGISTER and George Althoff,
Plaintiffs-Appellants,

v.

COLUMBIA COUNTY SHERIFF'S DEPARTMENT and Steven
R. Rowe, Defendants-Respondents.

Court of Appeals

*No. 2007AP323. Submitted on briefs September 14, 2007.
—Decided January 31, 2008.*

2008 WI App 30

(Also reported in 746 N.W.2d 525.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Robert J. Dreps* and *Jennifer L. Peterson* of *Godfrey & Kahn, S.C.* of Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Daniel G. Jardine* and *Jessica M. Baumgartner* of *Jardine Law Office LLC* of DeForest.

Before Higginbotham, P.J., Vergeront and Bridge, JJ.

¶ 1. BRIDGE, J. The Portage Daily Register appeals an order denying its writ of mandamus which sought to compel the Columbia County Sheriff's Department to provide it with a copy of an investigative

report pursuant to WIS. STAT. § 19.37 (2005–06).[1] The Sheriff's Department denied the request on the ground that the report, a copy of which the Sheriff's Department retained, had been forwarded to the district attorney's office and was part of an open investigation. The circuit court determined that this reason for denying the report was sufficiently specific, and that the Sheriff's Department properly withheld the report under the public records balancing test. We conclude that the Sheriff's Department did not state a legally specific policy reason for its denial. Accordingly, we reverse.

## BACKGROUND

¶ 2. In the months preceding the fall 2006 Republican primary election for Columbia County Sheriff, fliers attacking one of the candidates appeared in mailboxes throughout the county. The fliers were authored by an anonymous and unregistered group calling itself "Concerned Citizens of Columbia County." The fliers were brought to the attention of the Columbia County District Attorney, who told the local newspaper, the Portage Daily Register, that she had "instructed the . . . Sheriff's Department to forward one to her office with a report for investigation into possible illegal campaigning."

¶ 3. On July 26, 2006, the Register made a written request under the Wisconsin public records law for a document it described as a "Sheriff's Department report No. 06–24428 dated on or about June 28, 2006." The Sheriff's Department denied the request in a letter

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

dated August 9, 2006.[2] The letter stated the following basis for denial: "The matter has been referred to the District Attorney's Office for review to determine if, in fact, it is criminal in nature or not and/or whether additional investigation is required. The matter, therefore, remains an open and ongoing investigation and cannot be released at this time." The letter further asserted that upon termination of the investigation, "the report can be reviewed for release under the WI Open Records Law."

¶ 4. The Columbia County District Attorney determined that her office could not review the matter due to a potential conflict, and ultimately the Dodge County District Attorney agreed to act as special prosecutor in the matter. On September 1, 2006, the Dodge County District Attorney released to the public a memorandum he had sent to the Columbia County Sheriff indicating that after reviewing the investigative reports prepared by the Columbia County Sheriff, he had decided to decline prosecution. In addition, the district attorney released to the public "copies of the law enforcement reports generated by this investigation," including report number 06–24428.

¶ 5. The report was an incident report consisting of eight pages, with just over one page of narrative. In it, the investigating officer described the investigation he completed on June 28, 2006, consisting of an interview with the complainant, his own observations about the flier, his contacts with the district attorney's office and the Shopper Stopper,[3] and an interview with the

---

[2] Two days earlier, the Sheriff's Department denied the request orally.

[3] The fliers had been anonymously deposited into Shopper Stopper newspaper tubes.

complainant's mother, who had also received a flier. At the end of the report, the investigating officer stated:

DISPOSITION

This report will be forwarded to the Columbia County District Attorney's Office for their review. I have nothing more at this time.

End of report

¶ 6. Prior to the time that the report was made public, the Register filed a mandamus action against the Sheriff's Department and Sheriff Steven Rowe under the public records law, Wis. Stat. § 19.37. The Sheriff's Department filed an answer, and the court held a hearing on the matter. Neither party provided the court with a copy of the requested record to review *in camera* either before or during the hearing. The court determined that the reasons stated by the Sheriff's Department for denying the request were sufficiently specific under *Journal/Sentinel, Inc. v. Aagerup*, 145 Wis. 2d 818, 429 N.W.2d 772 (Ct. App. 1988), because the requested report was implicated in a crime detection effort. The court further concluded that the stated reason for denial was sufficient to overcome the presumption of openness under the public records law. Accordingly, the court denied the request for a judgment of mandamus and dismissed the complaint. The Register appeals.

## DISCUSSION

### Mootness Argument

¶ 7. The Sheriff's Department first points out that, following disclosure by the district attorney, the Register received a copy of the sought-after report from the Dodge County District Attorney. It contends that, as a result, a decision by this court in the Register's favor

363

can have no practical effect on the controversy, and the issue on appeal is therefore moot. *See Warren v. Link Farms, Inc.*, 123 Wis. 2d 485, 487, 368 N.W.2d 688 (Ct. App. 1985).

¶ 8. We will generally not consider issues that are moot on appeal. *See Hernandez v. Allen*, 2005 WI App 247, ¶ 10, 288 Wis. 2d 111, 707 N.W.2d 557. However, the present appeal is not moot because our ruling will have the practical effect of determining the Register's right to recover damages and fees under Wis. Stat. § 19.37(2)(a)[4] based upon the Sheriff's Department's denial of its request. Moreover, we make exceptions to the general rule in cases where the issue is of great public importance; the identical issue arises frequently and a decision is needed to guide trial courts; the issue will likely arise again and should be resolved; the issue is likely of repetition yet evades review; or it involves a statute's constitutionality. *See State v. Leitner*, 2002 WI 77, ¶ 14, 253 Wis. 2d 449, 646 N.W.2d 341. We view the issue in the present case as sufficiently important and capable of evading review that it warrants review even if it were moot. Thus we proceed to the merits of the parties' arguments.

*Standard of Review*

¶ 9. Where a circuit court, determining a petition for a writ of mandamus, has interpreted Wisconsin's

---

[4] With certain limited exceptions not applicable in the present case, Wis. Stat. § 19.37(2)(a) provides for the award of reasonable attorney fees, damages of not less than $100, and other actual costs to the requester "if the requester prevails in whole or in substantial part" in an action filed under the public records law.

public records law, *see* WIS. STAT. §§ 19.31 through 19.39, and has applied that law to undisputed facts, we review the circuit court's decision de novo. *State ex rel. Milwaukee Police Ass'n v. Jones*, 2000 WI App 146, ¶ 11, 237 Wis. 2d 840, 615 N.W.2d 190.

## Sufficiency of the Denial

¶ 10. We begin our discussion by recognizing that the legislature has created a statutory presumption that all government records are public. WISCONSIN STAT. § 19.31 provides that §§ 19.32 to 19.37 (the Wisconsin public records law) "shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied."

¶ 11. This strong presumption of public access may give way to statutory or specified common law exceptions, or, if there is an overriding public interest in keeping the record confidential. *See Hathaway v. Joint Sch. Dist.*, 116 Wis. 2d 388, 397, 342 N.W.2d 682 (1984). The existence of a statutory exception or common law limitation indicates that the legislature or the supreme court have predetermined that the harm to the public interest from inspection outweighs the benefits. *Mayfair Chrysler-Plymouth, Inc. v. Baldarotta*, 162 Wis. 2d 142, 156, 469 N.W. 2d 638 (1991). Exceptions are to be narrowly construed; unless the exception is explicit and unequivocal, we will not hold it to be an exception. *Hathaway*, 116 Wis. 2d at 397. Against this backdrop, we review the Sheriff's Department's reasons for denying the request.

¶ 12. The supreme court has established a two-step process for analyzing the question of whether a custodian's denial of access can be sustained by the reviewing court. *See Baldarotta,* 162 Wis. 2d at 157. First, we are to decide whether the circuit court correctly assessed whether the custodian's denial of access was made with the requisite specificity. *Id.* If we resolve that question in favor of the records custodian, we determine whether the stated reasons for withholding the records are sufficient to outweigh the strong public policy favoring disclosure. *Id.* The second step is referred to as "the balancing test." *See Hempel v. City of Baraboo,* 2005 WI 120, ¶ 4, 284 Wis. 2d 162, 699 N.W.2d 551.

¶ 13. The Sheriff's Department's denial stated as follows: "The matter has been referred to the District Attorney's Office for review to determine if, in fact, it is criminal in nature or not and/or whether additional investigation is required. The matter, therefore, remains an open and ongoing investigation and cannot be released at this time."

¶ 14. When denying inspection, a records custodian is not required to "provide a detailed analysis of the record and why public policy directs that it must be withheld." *Aagerup,* 145 Wis. 2d at 823. On the other hand, the custodian must give a public policy reason why the record warrants confidentiality. *Newspapers, Inc. v. Breier,* 89 Wis. 2d 417, 427, 279 N.W.2d 179 (1979). Specific policy reasons are necessary for two primary reasons. First, the specificity requirement provides a means of restraining records custodians from arbitrarily denying access to public records without weighing the relative harm of non-disclosure against

the public interest in disclosure. *Baldarotta*, 162 Wis. 2d at 160. Second, specific policy reasons are necessary to provide the requester with sufficient notice of the grounds for denial to enable the requester to prepare a challenge to the withholding. *Id.*

¶ 15. The Sheriff's Department argues that it was appropriate for it to withhold the document under its reading of *State ex rel. Richards v. Foust*, 165 Wis. 2d 429, 477 N.W.2d 608 (1991), in which the supreme court held that the common law provides an exception to the public records law as it relates to district attorneys' files. *Id.* at 433–34. This argument goes both to whether the document was properly withheld under the balancing test, and also goes to whether the Sheriff's Department's statement denying the request was made with the requisite specificity. Thus, we examine whether the ruling in *Foust* applies in the present case.

¶ 16. The Sheriff's Department contends that because it transmitted the report to the district attorney[5] and the report related to an ongoing investigation, the Sheriff's Department lacked the authority to disclose the report in light of the ruling in *Foust*. The Sheriff's Department argues that it was not for it to decide

---

[5] The Register argues that it appears from the record that the Sheriff's Department did not send the requested report to the district attorney's office until after the Register made its request, and the Sheriff's Department does not dispute this assertion. Because we conclude that the Sheriff's Department's obligation to respond to the request arises because it is an authority with an independent responsibility under the public records law, it does not matter for purposes of our analysis whether the Sheriff's Department had yet transmitted a copy of the report at the time it responded to the public records request. The salient fact is that the Sheriff's Department retained its own copy of the record at issue, which it concedes.

whether the record was a prosecutorial record under *Foust,* because the district attorney's office was the entity responsible for making that determination. Thus, in essence, it argues that its denial was sufficiently specific because, under *Foust,* the fact of an open investigation in a prosecutor's office, standing alone, was adequate to support a denial. We conclude that the Sheriff's Department's reliance on *Foust* is misplaced.

¶ 17. In *Foust,* the supreme court held that a common law categorical exception exists for records in the custody of a district attorney's office; it did not hold that a similar exception exists for records in the custody of a law enforcement agency. The Sheriff's Department is itself an "authority" which had custody of the requested record within the meaning of Wɪs. Sᴛᴀᴛ. § 19.35(4)(a), and as such, it was legally obligated to provide public access to records in its possession, consistent with the public records law. This obligation cannot be avoided by invoking a common law exception that is exclusive to the records of another custodian.[6]

¶ 18. The fact that the same record was in the custody of both the law enforcement agency and the district attorney does not change the outcome. As the supreme court observed in a related context, "[i]t is the nature of the documents and not their location which determines their status under [the public records law]. To conclude otherwise would elevate form over substance."[7] *Nichols v. Bennett,* 199 Wis. 2d 268, 274, 544 N.W.2d 428 (1996).

---

[6] The Sheriff's Department does not argue that it is independently entitled to a common law exception for records forwarded to a district attorney's office.

[7] In *Nichols v. Bennett,* the supreme court determined that a record is not automatically exempt under *Foust* simply be-

¶ 19. The Sheriff's Department argues that allowing a requester to obtain from a law enforcement agency records which it has also forwarded to a district attorney's office would have "dangerous potential" in that it would permit requesters to avoid the ruling in *Foust*. However, allowing the Sheriff's Department to withhold a record, regardless of its content, simply because a copy of that record has been forwarded to a district attorney's office, would not serve the purposes of the public records law. Moreover, the Sheriff's Department retains the ability to determine whether the release of a particular record is or is not warranted in a given situation. Although a police report is generally categorically exempt from disclosure under *Foust* if it resides in a prosecutor's file,[8] the Sheriff's Department has an independent responsibility to determine whether a police report should be withheld. Whereas a prosecutor may generally rely on the categorical exemption, the Sheriff's Department must make that determination on a case-by-case basis.

¶ 20. To the extent that the Sheriff's Department can articulate a policy reason why the public interest in disclosure is outweighed by the interest in withholding the particular record—including that disclosure would interfere with an ongoing investigation—it may properly deny access. This is consistent with the approach which has been upheld in the context of a variety of other law enforcement records. *See, e.g., Milwaukee*

cause it is stored in a prosecutorial file. *Nichols v. Bennett,* 199 Wis. 2d 268, 274, 544 N.W.2d 428 (1996) (holding that documents responsive to a public records request seeking copies of prior public records requests to the district attorney's office and the district attorney's answers to those requests were not properly withheld from disclosure).

[8] *But see Nichols,* 199 Wis. 2d at 274.

*Journal v. Call*, 153 Wis. 2d 313, 318–322, 450 N.W.2d 515 (Ct. App. 1989) (police and sheriff's departments' records regarding a pending homicide investigation); *Aagerup*, 145 Wis. 2d at 822–24 (autopsy report in an ongoing criminal case); *Breier*, 89 Wis. 2d at 426–28 (police daily arrest records); and *Beckon v. Emery*, 36 Wis. 2d 510, 516–19, 153 N.W.2d 501 (1967) (pending municipal citations).

¶ 21. Expanding the *Foust* exception to include any police report sent to a prosecutor, regardless of content, would also contravene the public record law's mandate to narrowly construe exceptions. "Exceptions should be recognized for what they are, instances in derogation of the general legislative intent [of public access], and should, therefore, be narrowly construed; and unless the exception is explicit and unequivocal, it will not be held to be an exception." *Hathaway*, 116 Wis. 2d at 397.

¶ 22. For these reasons, we conclude that the Sheriff's Department was not entitled to invoke the categorical exception for prosecutorial records which was found to exist in *Foust* in the context of denying access to a police report.

¶ 23. The Sheriff's Department also relies on *Aagerup* and argues that its denial was equally as specific as the denial found to be adequate in that case. We disagree.

¶ 24. In *Aagerup*, a coroner denied access to a portion of an autopsy report in an ongoing homicide investigation by stating that the report was implicated in crime detection efforts in the case. *Aagerup*, 145 Wis. 2d at 823. We determined that the coroner's reason

for denial was sufficiently specific. *Id.* In so ruling, we noted that the records custodian did not merely provide a "bald assertion that release is not in the public interest." *Id.*

> Here, the custodian stated that the autopsy was part of a law enforcement detection effort. She did not merely cite to the exemption statute, but rather pointed to a particular statutorily-recognized public policy reason for confidentiality: crime detection.
>
> . . . .
>
> The custodian did not withhold the record because it was "an autopsy"; she withheld "the autopsy" on the grounds that it was implicated in the crime detection effort of this particular case.

*Id.* at 823–34.

¶ 25. Unlike the reason given in *Aagerup*, the Sheriff's Department's statement provided no policy reason; it stated only that the matter had been referred to the district attorney's office and was related to an ongoing investigation. This is a statement of fact, not a public policy reason for denying access.

¶ 26. In *Aagerup*, the sought-after record was related to an open criminal investigation; however, that fact, standing alone, did not form the custodian's reason for denial. Instead, the custodian went on to assert a specific policy reason—the protection of crime detection strategy—to justify withholding the portion of the autopsy report from public inspection. In contrast, the Sheriff's Department's denial was not based on crime detection. Nor was it based on prejudice to the ongoing investigation, or informant confidentiality, two additional bases for denial of law enforcement records which have been found to be sufficiently specific. *See*

*Call,* 153 Wis. 2d at 318. The general statement of the location of the file and the fact that an investigation is ongoing was so generic that it avoids the need to weigh the relative merits of release versus non-release. In addition, the generalized statement did not provide sufficient notice to the Register to enable it to prepare a challenge as to the withholding of the record. Thus, the statement runs afoul of both reasons underlying the need for a custodian to state specific policy reasons for denial. We conclude that the Sheriff's Department's generic statement to the effect that the sought-after record was part of an open investigation in the district attorney's office was not made with the requisite specificity.

### *In Camera Inspection*

¶ 27. Finally, we note that the Register has asked us to rule that in order to overcome the presumption of public access under the public records law, a records custodian must ordinarily present the requested record for *in camera* judicial review, and the Sheriff's Department should have done so in the present case. The Sheriff's Department responds that the Register did not raise this issue below. Generally, arguments raised for the first time on appeal are deemed waived. *See State v. Van Camp,* 213 Wis. 2d 131, 144, 569 N.W.2d 577 (1997). Although the Register asks us to construe a single phrase made in oral argument as raising the matter before the circuit court, we do not view this phrase as affirmatively placing the issue before the court. Indeed, the court did not rule on the issue. In any event, because we resolve the issue in this case on the ground of the insufficient specificity of the denial, we need not reach this issue. *See Sweet v. Berge,* 113 Wis. 2d 61, 67,

334 N.W.2d 559 (Ct. App. 1983) (if a decision on one point disposes of the appeal, the court will not decide other issues raised).

*By the Court.*—Order reversed.