## 2021 WI App 80

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.: 2020AP2028-AC

Complete Title of Case:

### MILWAUKEE DEPUTY SHERIFFS' ASSOCIATION AND JOEL STREICHER,

### PLAINTIFFS-RESPONDENTS,

### V.

### COUNTY OF MILWAUKEE COUNTY CLERK, EARNELL R. LUCAS AND JASON HODEL,

### DEFENDANTS,

### CHIPO SAMVURA AND THE ESTATE OF CEASAR STINSON,

### INTERVENORS-APPELLANTS.

| | |
|---|---|
| Opinion Filed: | October 12, 2021 |
| Submitted on Briefs: | September 10, 2021 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Brash, C.J., Donald, P.J., and White, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the intervenors-appellants, the cause was submitted on the brief of *Mark L. Thomsen* and *Kimberly D. Sweatt* of *Gingras, Thomsen & Wachs* of Milwaukee. |

Respondent
ATTORNEYS:  On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *Graham P. Wiemer* of *MacGillis Wiemer, LLC* of Wauwatosa.

2021 WI App 80

COURT OF APPEALS
DECISION
DATED AND FILED

October 12, 2021

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP2028-AC**

STATE OF WISCONSIN

Cir. Ct. No. 2020CV1215

IN COURT OF APPEALS

---

MILWAUKEE DEPUTY SHERIFFS' ASSOCIATION AND JOEL STREICHER,

　　PLAINTIFFS-RESPONDENTS,

　V.

COUNTY OF MILWAUKEE COUNTY CLERK, EARNELL R. LUCAS AND JASON HODEL,

　　DEFENDANTS,

CHIPO SAMVURA AND THE ESTATE OF CEASAR STINSON,

　　INTERVENORS-APPELLANTS.

---

　　　　APPEAL from an order of the circuit court for Milwaukee County: DAVID C. SWANSON, Judge. *Order reversed and cause remanded with directions.*

　　　　Before Brash, C.J., Donald, P.J., and White, J.

¶1    DONALD, P.J.   The Estate of Ceasar Stinson and Stinson's spouse, Chipo Samvura (collectively, "the Estate"), appeal a circuit court order which restrains the Milwaukee County Sheriffs' Office (MCSO) from releasing an internal affairs file.  On appeal, the Estate argues that this is not "an exceptional case" in which the public's strong interest in the disclosure of government records is outweighed by the public's interest in keeping the records confidential.  As discussed below, we agree with the Estate and reverse the circuit court's order.

## BACKGROUND

¶2    The relevant facts in this case are not in dispute on appeal.  On January 25, 2020, Milwaukee County Sheriff Deputy Joel Streicher, while on duty, drove his squad car through a red light and hit Stinson, killing him.[1]

¶3    On January 28, 2020, WISN-TV ABC Reporter Nick Bohr requested Streicher's disciplinary records from MCSO.  In response to Bohr's request, Captain Jason Hodel, on behalf of MCSO, reviewed Streicher's disciplinary record, weighed the public's interest in disclosing the records against keeping the records confidential, and determined that all the records were subject to disclosure.

¶4    In a letter dated January 30, 2020, Captain Hodel notified Streicher that he was the subject of a public records request and that MCSO intended to release the requested records.  Captain Hodel stated that the records included two "sustained" internal affairs files—IA 07-129 and IA 18-301.  The letter further stated that Captain Hodel had redacted Streicher's home address, home e-mail

---

[1] Streicher was criminally charged with one count of homicide by negligent operation of a vehicle.

address, home telephone number, social security number, and any other information subject to redaction pursuant to WIS. STAT. § 19.36(10) (2019-20).[2]

¶5 On February 5, 2020, Streicher sent a letter advising Captain Hodel that he would be seeking an order to stop the release of the requested records. Subsequently, on February 13, 2020, Streicher and the Milwaukee Deputy Sheriffs' Association (MDSA) filed the lawsuit underlying this appeal.

¶6 On February 17, 2020, the Estate sent an open records request to MCSO. The request sought documents related to Stinson's death as well as the personnel and discipline files of Streicher. The Estate also filed a motion to intervene in the pending lawsuit filed by Streicher and MDSA, which the circuit court granted.

¶7 On September 22, 2020, the circuit court issued an oral ruling on Streicher's request to block the release of the records. The circuit court first found that the internal affairs files were not exempt from disclosure pursuant to a statutory exception or a common law exception. The court then examined whether the public interest in the disclosure of the records was outweighed by any public interest in keeping the records confidential. The court granted the release of IA 18-301, but denied the release of IA 07-129.

¶8 In regards to IA 07-129, the circuit court began by observing that the internal affairs investigation was thirteen years old, "quite dated at this point," and focused on "an improper search of a residence," which took place after police had seized forty-four pounds of marijuana from a car. The court indicated that it was

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

concerned about the references in the file related to the prosecutor's case planning and that disclosing the file might "endanger individuals who were involved in [the drug] investigation either as targets or as informers or both." Thus, the court found that "the balancing test weighs in favor of an injunction."[3]

¶9      At the conclusion of the hearing, the Estate pointed out that the names of the individuals that the court was concerned about could be redacted.

¶10     In response, the circuit court stated that the records it reviewed *in camera* had the names redacted, but it was still clear who was being discussed. The court stated that "very significant" redactions would need to be made and "they haven't been made at this point." The court also reiterated that its other concern was the references to the prosecutor's case planning, which would also need to be redacted. In addition, the court stated that in its assessment, the internal affairs file did not "add anything" because "the fact of … Streicher's discipline is part of the record" and he was only "a very minor player" in a larger investigation. Thus, the court concluded that it "doesn't see a strong public interest in disclosure" and that additional redactions would not address its "concern regarding … a competing public interest in these records." Subsequently, a written order was entered reflecting the court's rulings.

¶11     The Estate now appeals and challenges the denial of the release of IA 07-129.

---

[3] The court also noted that there might be individuals serving a sentence associated with the case, but admitted that fact was not before it.

## DISCUSSION

¶12    Public records law "serves one of the basic tenets of our democratic system by providing an opportunity for public oversight of the workings of government." *Nichols v. Bennett*, 199 Wis. 2d 268, 273, 544 N.W.2d 428 (1996).

¶13    Wisconsin's public record law is set forth in WIS. STAT. §§ 19.21-39. WISCONSIN STAT. § 19.31 provides that "all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them." Accordingly, "[t]he denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied." *Id.* This policy of disclosure is one of the strongest declarations of policy in the Wisconsin statutes. *Zellner v. Cedarburg Sch. Dist.*, 2007 WI 53, ¶49, 300 Wis. 2d 290, 731 N.W.2d 240.

¶14    When a request is made to inspect public records, the records custodian must first determine whether the requested records fall into an exception that prevents disclosure. *Hempel v. City of Baraboo*, 2005 WI 120, ¶28, 284 Wis. 2d 162, 699 N.W.2d 551. Two general types of exceptions may apply: statutory exceptions and common law exceptions. *Linzmeyer v. Forcey*, 2002 WI 84, ¶10, 254 Wis. 2d 306, 646 N.W.2d 811.

¶15    If the requested records do not fall into an exception, the records custodian applies a public interest balancing test. *Id.*, ¶¶11, 25. The records custodian "must determine whether the surrounding factual circumstances create an 'exceptional case' not governed by the strong presumption of openness." *Hempel*, 284 Wis. 2d 162, ¶63 (citing WIS. STAT. § 19.31). An exceptional case exists when "the facts are such that the public policy interests favoring nondisclosure outweigh the public policy interests favoring disclosure[.]" *Id.* The party opposing disclosure

5

carries the burden. ***Democratic Party of Wis. v. DOJ***, 2016 WI 100, ¶9, 372 Wis. 2d 460, 888 N.W.2d 584.

¶16    To start, we note that here the circuit court found that there was no applicable statutory or common law exception that would exempt the records from release.  The parties do not dispute this determination on appeal, nor do we see any grounds to disturb the circuit court's determination.[4]  Rather, at issue on appeal is whether the public's interest in the disclosure of IA 07-129 is outweighed by a competing public interest in keeping the records confidential.  This is a question that we review independently, without deference to the circuit court's decision.  *See* ***Local 2489 v. Rock Cnty.***, 2004 WI App 210, ¶7, 277 Wis. 2d 208, 689 N.W.2d 644.

¶17    The Estate asserts that the public has a strong interest in "knowing when law enforcement officers have a history of violating an individual's constitutional rights, and how the department handled the investigation of this constitutional violation."  We agree.

¶18    It is well established that the public has a strong interest in obtaining information about its public officials.  *See* ***Journal/Sentinel, Inc. v. School Bd. of the Sch. Dist. Of Shorewood***, 186 Wis. 2d 443, 447-49, 521 N.W.2d 165 (Ct. App. 1994).  "All officers and employees of government are, ultimately, responsible to the citizens, and those citizens have a right to hold their employees accountable for

_____

[4]  IA 07-129 does not relate to a "current investigation," which would statutorily exempt it from disclosure.  *See* WIS. STAT. § 19.36(10)(b).  Additionally, while a common law exception exists for records in the custody of a district attorney's office, *see* ***State ex rel. Richards v. Foust***, 165 Wis. 2d 429, 433-34, 477 N.W.2d 608 (1991), IA 07-129 is not in the custody of the district attorney's office, but in the custody of MCSO.  *See* ***Portage Daily Register v. Columbia Cnty. Sheriff's Dept.***, 2008 WI App 30, ¶17, 308 Wis. 2d 357, 746 N.W.2d 525 (holding that an obligation to disclose records cannot be avoided by invoking a common law exception that is exclusive to the records of another custodian).

the job they do." *Id.* at 459. This is especially true when an employee works in a law enforcement capacity. *Local 2489*, 277 Wis. 2d 208, ¶26. "[W]hen individuals accept positions as police officers, they necessarily relinquish certain privacy rights and must be subject to public scrutiny." *State ex rel. Journal/Sentinel, Inc. v. Arreola*, 207 Wis. 2d 496, 515, 558 N.W.2d 670 (Ct. App. 1996).

¶19    Moreover, the public has a "particularly strong interest in being informed about public officials who have been 'derelict in [their] duty.'" *Wisconsin Newspress, Inc. v. School Dist. of Sheboygan Falls*, 199 Wis. 2d 768, 786, 546 N.W.2d 143 (1996) (citation omitted); *see also Arreola*, 207 Wis. 2d at 518 (holding that the public was entitled to all relevant factual information relating to the police department's use of deadly force). Thus, here, where the police improperly entered a person's home in the course of their investigation, the public has a compelling interest in accessing the documents relevant to the misconduct and the extent to which it was investigated. As our supreme court has recognized,

> [t]he process of police investigation is one where public oversight is important. The ability of police to investigate suspected crimes is an official responsibility of an executive government agency, and much like the ability to arrest, it represents a significant use of government personnel, time, and resources. The investigative process is one that, when used inappropriately, can be harassing or worse.

*Linzmeyer*, 254 Wis. 2d 306, ¶27 (citation omitted).

¶20    Streicher and MDSA argue that these strong public interests are outweighed by the need to protect "the identity of confidential informants, the identity of cooperating witnesses, and prosecutors' case planning[.]" We disagree. Having reviewed IA 07-129, we conclude that this is not an exceptional case where the strong public interests in disclosure are outweighed by the public interests in nondisclosure. *See Hempel*, 284 Wis. 2d 162, ¶63.

7

¶21    First and foremost, any information that, if disclosed, would "[e]ndanger an individual's life or safety" or "[i]dentify a confidential informant" is subject to redaction.  *See* WIS. STAT. §§ 19.35(1)(am)2., 19.36(6).  Here, it is undisputed that the names of the individuals involved in the drug investigation were redacted.  While we agree with the circuit court that additional redaction is still needed before the release of IA 07-129, this does not justify the denial of the release of the entire file.  Any remaining confidentiality issues can be carefully determined and resolved by a document-by-document *in camera* inspection in the circuit court. *See Arreola*, 207 Wis. 2d at 518-19.

¶22    Second, as the circuit court observed, the internal affairs investigation at issue took place over a decade ago and is "quite dated."  There is no indication that the documents in the file are related to an "on-going prosecution or investigation," which might impede the public policy of investigating and prosecuting criminal activity.  *See Linzmeyer*, 254 Wis. 2d 306, ¶39.  Moreover, to the extent that the file does address prosecutorial case planning that could endanger an individual's life or safety, identify a confidential informant, or impede the public policy of investigating or prosecuting criminal activity, once again, such information can be redacted.

¶23    Third, we note that in its decision, the circuit court indicated that "Streicher's discipline" was already part of the record.  However, the fact that the information is publically known weighs in favor of release.  *See id.*, ¶37.

¶24    Finally, Streicher and MDSA point to the circuit court's finding that Streicher's role in the improper search was "minor."  However, this should not be a shield by which the government can prevent disclosure.  As stated above, the public has a strong interest in being informed about its public officials and whether those

officials have engaged in misconduct. *See **School Bd. of the Sch. Dist. Of Shorewood***, 186 Wis. 2d at 447-49; ***Wisconsin Newspress, Inc.***, 199 Wis. 2d at 786. These interests cannot be outweighed simply by the fact that an official played a minor role in an improper search.

¶25     Therefore, we conclude that Streicher and MDSA have not fulfilled their burden to show that the public interest in the nondisclosure of IA 07-129 outweighs the strong public interest in disclosure. The public has a strong interest in obtaining information related to police misconduct and the extent to which the misconduct is investigated. Accordingly, we reverse the circuit court's order restraining MCSO from releasing IA 07-129 and, on remand, we instruct the circuit court to conduct a careful document-by-document review to determine what additional redactions are needed and grant the release of the file in compliance with Wisconsin's public records law.

*By the Court.*—Order reversed and cause remanded with directions.